STATE OF INDIANA, EX REL. HOPPER v. BOARD OF ELECTION COMMISSIONERS OF CITY OF TIPTON ET AL.

[No. 25,021. Filed October 6, 1925.]

1. APPEAL.—*Error in sustaining demurrer to one paragraph of complaint harmless where plaintiff obtained relief desired under other paragraphs.*—Any error in sustaining a demurrer to one paragraph of a complaint is harmless where the plaintiff proceeded under other paragraphs and obtained the relief desired. p. 479.

2. ELECTIONS.—*Authority of election committee cannot be collaterally attacked though committee not legally elected.*— Where a political party election committee met as such committee and acted as such, its authority could not be collaterally attacked in a proceeding to which it was not a party, as it would be at least a *de facto* committee though not legally elected. p. 480.

3. OFFICERS.—*Acts of de facto officers cannot be questioned, or their title to office attacked, in action to which they are not parties.*—Acts of *de facto* officers cannot be questioned, or their title to office attacked, in an action to which they are not parties. p. 480.

4. ELECTIONS.—*Members of an election committee selected by illegal committee constitute a valid committee as to third persons.*—Members of an election committee that were selected by a prior committee that was not legally elected would constitute a *de facto* committee whose acts would be valid as to third persons. p. 480.

5. STATUTES.—*Rule of ejusdem generis is to aid courts in ascertaining legislative intention and will not be allowed to defeat*

*it.*—The rule of *ejusdem generis* is only a rule of construction to aid the courts in finding out the legislative intention, and such rule cannot be allowed to defeat such intention. p. 480.

6. ELECTIONS.—*Act of 1923 concerning filling vacancies on tickets authorizes filling a vacancy for any reason.*—The act of 1923 (Acts 1923 p. 550, §7475 Burns 1926), concerning filling vacancies on election tickets, authorizes the filling of vacancies because of the withdrawal of a candidate or "for any other reason." p. 481.

7. STATUTES.—*Legislative intent must be gathered from common acceptation of words used.*—The intent of the legislature is to be gathered from the words of the act according to their ordinary acceptation, and it should be construed in the light of circumstances existing at the time it was passed. p. 481.

8. STATUTES.—*All words in statute must be given effect if possible.*—In construing a statute, courts must have regard to all the words used therein and give effect to them as far as possible. p. 482.

9. STATUTES.—*Introduction of new word in a statute indicates intent to cure defect or suppress an evil not covered by former law.*—The introduction of a new word into a statute indicates an intent to cure a defect or suppress an evil not covered by the former law. p. 482.

10. OFFICERS.—*"Vacancy" in office means an office without an incumbent.*—The word "vacancy," as applied to an office, has no technical meaning, but means an existing office without an incumbent. p. 482.

11. MANDAMUS.—*Board of election commissioners may be mandated to place name of candidate on ticket.*—Where a board of election commissioners refuses to place on the official ballot the name of a candidate legally nominated, the duty may be enforced by mandate. p. 482.

From Madison Circuit Court; *William A. Kittinger,* Judge.

Action for mandate by the State of Indiana on the relation of Floyd M. Hopper against the Board of Election Commissioners of the city of Tipton and others. From a judgment for plaintiff, it appeals. *Affirmed.*

*Alfred A. Fletcher* and *Pickens, Davidson, Gause & Pickens,* for appellant.

*Jesse R. Coleman, Frank H. Gifford, Gifford & Gifford* and *Kemp, Kemp & Russell,* for appellees.

WILLOUGHBY, C. J.—This is an action for mandate brought by appellant, the relator, against the appellees, directing the appellees to place the name of the relator upon the ballots as a candidate on the Republican ticket for the office of mayor of the city of Tipton, Indiana, to be voted at the general election to be held in said city on November 3, 1925.

The complaint is in three paragraphs. The court sustained the demurrer of appellees to the first paragraph of complaint and overruled it to the second and third paragraphs. The appellees filed a general denial to the second and third paragraphs. The cause was submitted to the court for trial and the court made a special finding of facts and stated conclusions of law thereon.

The court found the facts to be: (1) That the defendant, Nina D. Smith, is and has been continuously since April 1, 1925, the duly elected, qualified and acting city clerk of the city of Tipton, Indiana, and as such city clerk is ex officio member of the board of election commissioners of said city; (2) that said city is a municipal corporation in the state of Indiana, and is a city of the fifth class; (3) that the defendants, Fonda M. Roode, and John R. Bowlin, are each duly appointed, qualified and acting members of the board of election commissioners of said city, and have been since said April 1, 1925. That said defendants, Nina D. Smith, Fonda M. Roode and John R. Bowlin, are and constitute the board of election commissioners of said city and have so constituted the same continuously since April 1, 1925; (4) that the Republican party is a political party in said state and said party at the general election immediately preceding May 5, 1925, cast more than ten per cent. of the total vote cast at such preceding general election held in said city and in said state; (5) that under the law of the State of Indiana, a city election will be held in said city in the year 1925; (12) that the

relator is and has been continuously for more than one year immediately preceding April 1, 1925, a *bona fide* citizen and resident and qualified voter of said city of Tipton, in the State of Indiana, and during all of said time has been a member of the Republican party in said city and state; (13) that on May 6, 1925, the Republican city central committee of said city, had and held a regular meeting in said city for the purpose of naming a candidate of said party for the office of mayor of said city. That, at said meeting, said Republican city central committee selected, elected and appointed the above named relator as a candidate of the Republican party for the office of mayor of said city, to be voted for at the general election to be held in said city in the year 1925; (14) that thereafter, on May 8, 1925, said central committee caused to be filed with the above named city clerk a certificate and written notice by it that this relator had been selected by said committee as a candidate upon the Republican ticket for the office of mayor of said city. That said city clerk declined and refused to accept or place on file in said office said notice and certificate; (15) that the relator was nominated and elected as a candidate of the Republican party for the office of mayor of said city to be voted on for said office at the general election to be held in said city in November, 1925. (It appears by finding No. 15½, that since the bringing of this action, but within thirty days after May 5, 1925, the relator made out and filed with the clerk of the circuit court of Tipton county, Indiana, in which county the relator resides, a full, true and itemized statement in writing of his expenses, sworn to by such relator and conforming to the requirements of the Corrupt Practice Act.) (16) That the defendants, as members of said board of election commissioners, and the defendant, Nina D. Smith, as city clerk of the city of Tipton, Indiana, are denying that

said relator is a candidate of said party for said office or is the nominee thereof, and are denying that he is entitled to rights, privileges, and franchises of said office. That said defendants, and each of them, are refusing to recognize relator as such candidate and are declining and refusing to place the name of said relator upon the official ballot to be voted at the general election to be held in said city on the first Tuesday after the first Monday in November, in the year 1925, as a candidate of said party for said office.

By the sixth finding of facts, it appears that no person, at least thirty days prior to May 5, 1925, the day upon which the primary was to be held, had filed in the office of the clerk of the said city any declaration of his intention to become a candidate for office of mayor of said city of Tipton, on the Republican ticket, at the city election or that his name had been placed on the ballot as such candidate to be voted on at said primary election, to be held in said city on May 5, 1925.

By the seventh finding of facts, it appears that there was no candidate for the nomination upon the Republican ticket before the primary on April 16, 1925.

By the eighth finding of facts, it appears that on April 16, 1925, the Republican central committee of said city, at a meeting had and held in said city for the purpose of filling said vacancy and naming a candidate to be voted for at said primary, elected and appointed Floyd M. Hopper, as a candidate on the Republican ticket for the Republican party at said primary.

By the ninth finding of facts, it appears that said committee tendered for filing, to said city clerk of said city, a certificate and written notice that this relator had been selected by said committee as a candidate upon the Republican ticket for the nomination for the office of mayor of said city and tendered such certificate to

Nina D. Smith, the clerk of said city of Tipton, on April 18, 1925.

By the tenth finding of facts, it appears that said city clerk declined and refused to accept said certificate and refused to place it on file in the office of said city clerk.

By the eleventh finding of facts, it appears that the name of no other person was placed upon the ballot of the Republican party to be voted for at the primary election for nomination for the office of mayor of said city.

Upon the foregoing facts, the court concludes the law is as follows:    (1) That the law is with the plaintiff and that it is entitled to recover of the defendants; (2) that the relator is the nominee and candidate of the Republican party and upon the Republican ticket for the office of mayor of the city of Tipton, Indiana, for the general election to be held in said city on the first Tuesday after the first Monday in November, 1925; (3) that the relator is entitled to have his name placed upon the ballots to be voted on for the office of mayor of the city of Tipton Indiana, as a candidate of the Republican party, at the general election to be held in said city on the first Tuesday after the first Monday in November, 1925; (4) that the defendants, as the board of election commissioners of said city, should be mandated and ordered to place the name of the relator upon the ballot to be voted at the general election to be held in the city of Tipton, Indiana, on the first Tuesday after the first Monday in November, 1925, as a candidate on the Republican ticket for the office of mayor of said city; (5) that the plaintiff is entitled to recover of the defendants its costs herein laid out and expended.

Upon said conclusions of law, the court rendered the following judgment: "It is therefore considered, or-

dered and adjudged that the relator Floyd M. Hopper, is the nominee and candidate of the Republican party and upon the Republican ticket for the office of mayor of the city of Tipton, Indiana, to be voted on at the general election to be held in said city on November 3, 1925; and the defendants and each of them are ordered and directed to recognize said relator as such candidate and nominee and the defendants, the board of election commissioners of the city of Tipton, Indiana, and Nina D. Smith, as city clerk, of said city, and as *ex officio* a member of said board of election commissioners, Fonda M. Roode, as a member of said board of election commissioners, and John R. Bowlin, as a member of said board of election commissioners, are mandated and ordered to place the name of the relator, Floyd M. Hopper, upon the ballots to be voted at the general election to be held in the city of Tipton, Indiana, on November 3, 1925, as the candidate and nominee of the Republican party for the office of mayor of said city at said election, and to place the name of said relator upon said ballots in the regular column of said party and under the party emblem of said party as the candidate thereof for said office. * * * It is further considered and adjudged by the court that the plaintiff recover of the defendant its costs and charges herein laid out and expended, taxed at $........"

The appellees reserved exceptions to each of the conclusions of law and also filed a motion for a new trial alleging as the reasons therefor that the finding of the court is not sustained by sufficient evidence and that the finding of the court is contrary to law. The court overruled said motion for a new trial. The appellant assigned as error that the Tipton Circuit Court erred in sustaining the demurrer of appellees to the first paragraph of the complaint. The appellees assigned cross errors as follows:

The Tipton Circuit Court erred in overruling appellees' demurrer to the second paragraph of complaint. The Tipton Circuit Court erred in overruling appellees' demurrer to the third paragraph of the complaint. The Madison Circuit Court erred in each of the first, second, third, fourth and fifth conclusions of law.

The board of election commissioners also separately assigned cross errors which were the same as those jointly assigned, and above set out. In view of the conclusion reached by this court the question whether the court erred in sustaining the demurrer to the first paragraph of complaint is a matter of no consequence, as the plaintiff proceeded under the second and third paragraphs to a trial of the cause and obtained the relief desired. *Luckett* v. *Hammond* (1919), 188 Ind. 484; *Crouch & Son* v. *Parker* (1919), 188 Ind. 660, 7 A. L. R. 1598.

The record shows that on May 6, 1925, the day after the primary was held, that there was no candidate on the Republican ticket for mayor of said city of Tipton, at the general election to be held in said city on the first Tuesday after the first Monday in November, in the year 1925, and the central committee of said city at that time proceeded to fill such vacancy under the provisions of an act of the legislature of 1923.

The questions presented by this record arise upon the proper construction of that act of 1923, Acts 1923 p. 550, which is an act entitled: "An act concerning the filling of vacancies on any primary or general election ticket, which shall have occurred by withdrawal of candidates or otherwise." It provides among other things that vacancies for city offices shall be filled by the city central committee.

The evidence in this case shows that the vacancy was filled by the city central committee as stated in finding of facts Nos. 12, 13, 14 and 15. That the meeting of

the city central committee was a regular meeting held for the purpose of naming a candidate for said party for the office of mayor of said city on account of the vacancy then declared to exist.

In support of the motion for a new trial, appellees say that there is no evidence showing that the city central committee which nominated the relator was 2. duly and legally elected. The evidence shows, however, that said city central committee met as such city central committee and acted as such in making such nomination and filling such vacancy, and even if the committee which acted was not the legally elected city committee, it was at least a *de facto* committee, and its authority cannot be collaterally attacked in a proceeding to which it is not a party.

Acts of *de facto* officers cannot be questioned, or their title to office attacked, in an action to which they are not parties. 22 R. C. L. pp. 601, 602, §§324, 3. 325 and cases there cited; *McNulty* v. *State* (1906), 37 Ind. App. 612, 117 Am. St. 344.

Even if the committee which was elected, that is the ones originally elected, did not have legal authority to select others to take their places, yet this would 4. constitute the ones they selected *de facto* officers whose acts would be valid as to third persons. 22 R. C. L. p. 596, §318, and cases cited. The motion for a new trial was properly overruled. The evidence supports the findings.

The appellees contend that the Act of 1923 provides for the filling of the vacancy only when the nomination has first been made in the manner provided by 5. the primary law and a vacancy results by reason of death, or withdrawal or removal of a candidate. The appellees say that this must be so construed under the rule of *ejusdem generis*, and that, under that rule, the statute only refers to vacancies caused by with-

drawal. The rule of *ejusdem generis* is only a rule of construction to aid the court in finding out the legislative intention and such rule cannot be allowed to defeat such intention.

In *State Board, etc.,* v. *Holliday* (1898), 150 Ind. 216, 4 L. R. A. 826, the court said: "In order to ascertain the intention of the legislature the court should look to the letter of the statute, to it as a whole, to the circumstances under which it was enacted, to the old law, if any, to the mischief to be remedied, to other statutes, to the rules of the common law, and to the condition of affairs when the statute was enacted."

Considering the apparent purpose of the legislature in passing the act in question, we think the language is plain. The act means what it says. It means that when a vacancy exists on account of withdrawal *or for any other reason* such vacancy shall be filled pursuant to said statute.

The law before the act of 1923, *supra,* was passed, authorized the committee to fill all vacancies caused by withdrawals, death or removals, and if this act is

6. given the construction contended for by appellees, then the act has absolutely no effect. Section 7382 Burns 1926, §7054c Burns' Supp. 1921, authorizes the various political committees to fill any vacancy which may from time to time occur in the committee. The act of 1923, Acts 1923 p. 550, provides for filling the vacancy when as a result of a withdrawal or withdrawals *or for any other reason there is no candidate for office at the general election.*

The intent of the legislature is to be gathered from the words of the act according to their ordinary acceptation, and the act should be construed

7. in the light of circumstances existing at the time it was passed.

The court must have regard to all the words used by the legislature in a statute and give effect to them as far as possible; and the introduction of a new word into a statute indicates an intent to cure a defect in and suppress an evil not covered by the former law. *Louisville, etc., R. Co.* v. *Mottley* (1911), 219 U. S. 467, 31 Sup. Ct. 265, 55 L. Ed. 297, 34 L. R. A. (N. S.) 671.

It will be presumed that the legislature in passing the act in question intended to change or add to the existing law. Laws should be so construed as to give them effect and to give effect to every word and provision thereof. The word "vacancy" as applied to an office has no technical meaning. An existing office without an incumbent is vacant. There is no basis for the distinction that it applies only to an office vacated by death, resignation or otherwise. *State, ex rel.,* v. *Harrison* (1888), 113 Ind. 434, 3 Am. St. 663; *Commonwealth* v. *McAfee* (1911), 232 Pa. St. 36, 81 Atl. 85. See, also, *Walsh* v. *Commonwealth* (1879), 89 Pa. St. 419, 33 Am. Rep. 771; *Commonwealth* v. *Dickert* (1900), 195 Pa. St. 234, 45 Atl. 1058.

The act of 1923 was passed to provide for the filling of vacancies for which no provision had been made theretofore.

The appellees say that mandate is not the proper remedy in a case of this kind. The finding of facts shows that the relator was duly and legally nominated as a candidate on the Republican ticket for the office of mayor of the city of Tipton in the State of Indiana, to be voted for at the general city election to be held on the Tuesday after the first Monday in November, 1925, and it is the duty of the board of election commissioners of said city to place his name on such ticket and that duty may be enforced by mandate. *Gemmer* v. *State, ex rel.* (1904), 163 Ind. 150, 66 L.

R. A. 82; *State, ex rel.*, v. *Board, etc.* (1906), 167 Ind. 276; *Board, etc.*, v. *State, ex rel.* (1897), 148 Ind. 675; §6908 Burns' Supp. 1921; §6899 Burns 1914. See, also, *Boggess* v. *Buxton* (1910), 67 W. Va. 679, 69 S. E. 367, 21 Ann. Cas. 289; *State, ex rel.*, v. *Goff* (1906), 129 Wis. 668, 109 N. W. 628, 9 L. R. A. (N. S.) 916; *Republican Com.* v. *County Court* (1910), 68 W. Va. 113, 69 S. E. 522; *State, ex rel.*, v. *Metcalf* (1904), 18 S. D. 393, 100 N. W. 923, 67 L. R. A. 331.

The court did not err in overruling the demurrer to the second and third paragraphs of complaint nor in stating its conclusions of law.

The clerk of this court is ordered to certify this opinion to the Madison Circuit Court immediately.

Judgment affirmed.