SHERFEY *v.* CITY OF BRAZIL.

[No. 27,025. Filed March 10, 1938.]

494

· *John M. Rawley, Robert B. Stewart, Kivett & Kivett,* and *Charles D. Hunt,* for appellant.

*Miller & Miller,* for appellee.

SHAKE, J.—So far as this appeal is concerned, the record presents a second amended complaint and a demurrer thereto for want of facts. Appellant is a nine year old child and appellee is the city of Brazil, Indiana. It is alleged that appellee is a municipal corporation and as such owned and operated a public park within its corporate limits; that appellant, in company with a number of other children, visited the park on a day named, and while there was severely injured when he ran into a bed of concealed fire. Had defendant been an individual or a private corporation, the complaint would undoubtedly have been sufficient as a common law action for negligence, and with this observation, it is only necessary to quote one specific allegation thereof, to wit: "Plaintiff further says that as a result of said injuries he was rendered wholly incapable of caring for himself or of doing anything in the way of protecting his legal interest for a period of more than sixty days after said injury, and that during said period of more than sixty days he was wholly helpless."

The memorandum to the demurrer presents the proposition that the complaint is defective because it does not appear therein that notice was given to the city, as required by section 2, chapter 111, Acts of 1933, sec. 48-8002 Burns Ann. St. 1933, §12512 Baldwin's Ind. St. 1934. The second amended complaint contains no allegation of notice and no reference to that subject, beyond the statement of appellant's infancy, and his inability to protect his legal rights on account of the character of his injuries, quoted above. The court below sustained the demurrer; appellant reserved an exception and refused to plead further; judgment was rendered for appellee, and this appeal followed.

Appellant contends that the statute referred to above is not applicable to the case because, (1) properly construed, it does not require notice of injuries sustained in municipal parks, and (2) that, if it does apply to public parks, it is void insofar as it attempts to require notice of injuries actionable at common law.

Section 48-8002 Burns 1933, §12512 Baldwin's 1934, required notice to the municipalities within sixty days "in any instance where the accident or occurrence complained of and the resulting damage alleged to have been caused by or to have arisen from any defect or other condition in or adjacent to any street, alley, *public place,* bridge, stream, canal, body of water, drain, sewer, or structure or appliance of any character. . . ." (Our italics.) Appellee contends that the words "public place," as used in this statute, are broad enough to include public parks, while appellant says that applying the rule of *ejusdem generis,* the term "public place" must be limited in its application to the kind or class of places previously mentioned in the act, namely, streets and alleys.

A clear statement of the place of the rule of *ejusdem generis* in the construction of statutes and of the limita-

tions on its usefulness is found in the case of ■ *United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599, 609, 88 N. E. 69. This court said:

"In the construction of statutes or written contracts the doctrine of *ejusdem generis* is applicable, not in all, but in a certain class of cases when general words are not accorded their usual and ordinary meaning, but restricted to things of the same kind, or genus, as those designated by the particular words. . . .

"The office of the rule, however, like that of all other canons of construction, is to afford aid to the court in developing the true meaning of the statute, and cannot be employed to restrict the operation of an act within narrower limits than was intended by the lawmakers. . .

"It is never used in an arbitrary sense, but operates as a sort of suggestion to the judicial mind that, when specific words of definite and certain meaning in a statute are deemed advisable by the framers, it may be that they intended the general words to extend only to persons or objects of the same kind or class as those embraced within the particular words, or they might not have gone to the pains of any specific enumeration. Whether the doctrine should be applied in any case depends largely upon the character and contents of the act as a whole, having due regard for that primary rule of construction that the object of a law must be sought from the entire act, including the title, and from a consideration of the evil to be remedied, the state of public sentiment existing at the time of the passage of the law, and the general purpose of the act as derived from a consideration of every section. If the general purpose of the legislation clearly appears from a study of all the parts, that purpose cannot be defeated or limited by the doctrine we are considering. . . ."

It is likewise true that in ascertaining the legislative intent as to a statute, the courts may take into con-

sideration other acts in *pari materia,* whether passed before or after the act in question. *Johnson* v. *City of Indianapolis et al.* (1910), 174 Ind. 691, 699, 93 N. E. 17; *Hyland et al.* v. *Rochelle* (1913), 179 Ind. 671, 676, 100 N. E. 842. And the introduction of a new word or words into a statute indicates an intent to cure a defect in and suppress an evil not covered by the former law. It will be presumed in such a case that the Legislature intended to change or add to the existing law. *State ex rel.* v. *Board of Election Commissioners of City of Tipton et al.* (1925), 196 Ind. 472, 482, 149 N. E. 69.

The first statute in this State on the subject of notice to municipalities of claims for damages to persons or property was enacted in 1907. It provided for such notice growing out of "any defect in the condition of any street, alley, highway, or bridge." (Acts of 1907, c. 153, p. 249, sec. 11230 Burns 1926. This act remained in effect until 1933, when it was superseded by the act with which we are here concerned. (Acts of 1933, c. 111, sec. 2, p. 706, sec. 48-8002 Burns 1933, §12512 Baldwin's 1934.) It will be observed that for the words, "street, alley, highway, or bridge," contained in the act of 1907, there was substituted by the act of 1933, the words, "street, alley, *public place,* bridge, stream, canal, body of water, drain, sewer, or structure or appliance of any character." (Our italics.) While the word "highway," as used in the act of 1907, is dropped in the act of 1933, we do not deem this an important circumstance, since the streets of a municipality in this State are public highways. *The State* v. *Moriarty* (1881), 74 Ind. 103; *Gribben* v. *City of Franklin* (1911), 175 Ind. 500, 94 N. E. 757. So, if the doctrine of *ejusdem generis* is to be strictly applied to the use of the words "public place," in the act of 1933, we find ourselves in conflict with the above rule heretofore enunciated by this court that the

introduction of a new word into a statute indicates an intention to cure a defect in the former.

We must keep in mind, also, that the general words "public place," in the act of 1933, are both preceded and followed by words of a more limited and restricted meaning. Going before them are the words "street" and "alley," and they are followed by "bridge, stream, canal, body of water, drain, sewer, or structure or appliance of any character." ". . ., where general words occur at the end of a sentence they refer to and qualify the whole; but if they are in the middle of the sentence, and obviously apply to a particular portion of it, they are not to be extended to what follows them." 59 C. J. sec. 580, p. 980.

It is of interest to note, also, that since appellant's cause of action accrued, the act of 1933 has itself been superseded by another statute on the subject. The act of 1935 (Acts of 1935, c. 80, p. 235, sec. 48-8001 Burns Supp. 1938, §12515-1 Baldwin's Supp. 1935), has gone farther than the act of 1933, by providing, generally, that in all actions against a municipality for negligence, wilfulness, nuisance, or other tort, the notice required shall contain a general description of the *place*, etc., where the thing complained of occurred. While this is not a controlling circumstance, it serves to indicate the legislative intent when the 1933 General Assembly replaced the act of 1907 with a statute of broader scope.

Appellant relies largely upon the case of *City and County of Denver* v. *Taylor* (1930), 88 Colo. 89, 292 P. 594, 72 A. L. R. 833. In that case the Colorado Supreme Court had before it for interpretation a statute of a similar character to ours, which required notice of injuries occurring on any of the "streets, avenues, alleys, sidewalks, *or other public places*" of the city. (Our italics.) The court held the doctrine of *ejusdem generis* applicable to the clause "or other public places," and that

notice was not required of an injury sustained in a municipal auditorium, since an auditorium was not a place of the same kind or class as streets, avenues, alleys and sidewalks. While that case is well considered, we think it is clearly distinguishable from the one which we are considering here. In the Colorado case the words "or other public places" are at the end of the clause, and are not followed by any other operative words, such as we find in our act of 1933. Such a situation clearly presents one for the application of the rule of *ejusdem generis*. And it may also be observed that in considering the Denver case the court was not aided, as we have been, by the legislative history of the statute.

The Supreme Court of Minnesota reached a different conclusion from that arrived at by the Colorado Court in the case of *Winters* v. *City of Duluth* (1901), 82 Minn. 127, 84 N. W. 788. Construing a statute that required notice of injuries "by reason of any defect in any bridge, street, road, sidewalk, park, public ground, ferry boat, or *public works* of any kind in such city," the Supreme Court of Minnesota held that the term *public works* was not restricted by the preceding language and that notice of any injury in a pumping station was therefore required. In the course of the opinion the chief justice of that court said (p. 132) : "The necessity for notice to a municipality of an injury suffered by reason of a defect in any of its public works or grounds is just as essential for its protection as it would be in case the injury was caused by a defect in its streets, and to limit its operation to injuries caused by the condition of its public highways would defeat the manifest purpose of the act, by an illiberal construction, contrary to the spirit of the constitutional limitation."

Taking into account, therefore, the language of the act of 1933; the place of the words "public place" in the

sentence where they are found; the fact that ██ these words are both preceded and followed by more specific terms; the legislative history of the act, as disclosed by former and subsequent acts, and the purpose of the General Assembly as disclosed thereby, and remembering, also, that the doctrine of *ejusdem generis* can be used only as an aid in ascertaining the legislative intent and not to defeat or limit the same, we hold that the words "public place" in the act of 1933, are not restricted in their meaning to places of the same character as streets and alleys, and that they are sufficiently specific to embrace a municipal park.

But, appellant says, the construction which we have placed on the act of 1933 is not controlling in the disposition of this appeal, for the reason that his second amended complaint states a common law right of action, as distinguished from a statutory right, and, for that reason, the statutory requirements with respect to notice are subject to the rules of waiver and estoppel; that since this is a common law action, the allegation in the complaint that plaintiff was rendered incapable of giving the statutory notice by reason of the wrongful acts of the defendant, is sufficient to take the case out from under the requirement as to notice. It therefore becomes necessary for us to determine (1) whether appellant's cause of action is statutory or at common law, and (2) if it is a common law action, whether the statute requiring notice applies.

In the case of *City of Kokomo* v. *Loy* (1916), 185 Ind. 18, 20, 112 N. E. 994, this court said:

"Municipal corporations exist in a dual capacity and their functions are twofold. In one they exercise the right springing from sovereignty and, while in the performance of the duties pertaining thereto, their acts are political and governmental. Their officers and agents in such capacity, though elected or appointed by them, are

nevertheless public functionaries performing a public service, and as such they are officers, agents and servants of the state. In the other capacity the municipalities exercise a private, proprietary or corporate right, arising from their existence as legal persons and not as public agents. Their officers and agents in the performance of such functions act in behalf of the municipalities in their corporate or individual capacity and not for the state or sovereign power. . . .

"The question of whether a municipal corporation may be made to respond in damages for a tort, either of misfeasance or nonfeasance, in connection with a particular department of activity, depends, according to the weight of authority, upon whether the duties of that department pertain to the public and governmental functions, or to the private and corporate administration of the municipality. . . ." In other words, if the function is public and governmental, the municipality cannot be held liable; if it is private and corporate, it may be.

Applying the rules stated, it has been held that a municipality may be liable for its negligence in the management of its public parks. Such liability may be stated to arise from the common law principle that where a power is given and a duty imposed, a corresponding liability arises for the proper exercise of that power and the discharge of that duty. *City of Kokomo* v. *Loy, supra; Sarber* v. *City of Indianapolis* (1920), 72 Ind. App. 594, 126 N. E. 330; *City of Evansville* v. *Blue* (1937), 212 Ind. 130, 8 N. E. (2d) 224.

To knowingly suffer a pit or depression in the ground containing live coals of fire, the presence of which are concealed or undisclosed, to exist in a place where children of immature years may be expected to assemble and play, without taking reasonable steps to warn or protect them against the dangers thereof, may be actionable under the common law of this

State. *City of Indianapolis* v. *Emmelman* (1886), 108 Ind. 530, 9 N. E. 155; *Penso* v. *McCormick et al.* (1890), 125 Ind. 116, 25 N. E. 156. We hold, therefore, that appellant's amended complaint states a good cause of action on the theory of the violation of a common law duty, unless the complaint discloses on its face that the action was barred by reason of appellant's failure to give the statutory notice.

This leaves for consideration the question as to whether there are such facts and circumstances disclosed by the complaint as would relieve appellant from compliance with the act of 1933 with respect to notice to the municipality.

Though there are respectable authorities to the contrary in many jurisdictions, and our holdings have been criticized by other courts, Indiana is committed to the proposition that when, under the statute, a notice is required to be given to save an action for damages against a municipality, the fact that the claimant is an infant or a person under mental or physical disabilities will not relieve him of that obligation. *Touhey* v. *City of Decatur* (1911), 175 Ind. 98, 93 N. E. 540; *Peoples* v. *City of Valparaiso* (1912), 178 Ind. 673, 100 N. E. 70. In the case last cited this court made the observation "that the ends of justice might be the better subserved by making exceptions in cases such as this, and possibly others, appears scarcely open to controversy; but the making of such exceptions is a duty solely devolving on the legislative department of our government, and courts cannot rightfully modify the terms of a statute, however meritorious such modification may appear."

In approaching the subject as to whether necessity for notice may be dispensed with under any circumstances, it should be kept in mind that the statutory requirement is in derogation of the common law and should be strictly construed. *City of In-*

*dianapolis* v. *Willis* (1935), 208 Ind. 607, 615, 194 N. E. 343.

That the notice requirements may be exacted when the action is statutory is not open to question. When one seeks the benefit of a statute, he must, by allegations and proof, bring himself clearly within its terms. *Indianapolis & Greenfield Rapid Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 96, 69 N. E. 669; *Woodward* v. *The State* (1910), 174 Ind. 743, 93 N. E. 169.

In *Blair* v. *City of Fort Wayne* (1912), 51 Ind. App. 652, 656, 98 N. E. 736, the court said, quoting *Moulter* v. *City of Grand Rapids* (1908), 155 Mich. 165, 118 N. W. 919: " 'The right to recover for injuries arising from want of repair of sidewalks, etc., is purely a statutory one in this state. It being optional with the legislature whether it would confer upon persons injured a right of action therefor or leave them remediless, it could attach to the right conferred any limitation it chose. Whether the limitations imposed are reasonable or unreasonable in such cases are questions for the legislature, and not for the courts.' "

Discussing the same proposition, this court observed in the case of *Touhey* v. *City of Decatur, supra* (p. 100): "The liability of cities and towns for injuries resulting from defects in the streets, alleys, highways and bridges is implied from the provisions of the statutes which impose the duty upon such municipalities to keep the streets, alleys, highways and bridges in repair, and give them ample power to provide the means necessary to make such repairs. Said liability rests exclusively upon said statutes. It is competent for the legislature to limit or remove it entirely. The claim being a statutory one, it is clear that section 8962, *supra*, providing the conditions upon which an action can be maintained, is not in violation of the 14th amendment to the Constitution of the United States, or of article 1, section 23, of the Constitu-

tion of this State. This is true, because a duty imposed by the legislature upon cities or towns, or a liability against them created by the legislature, may be qualified, limited or removed by that body. No one complaining of the omission to perform such duty can successfully object to the qualifications and limitations imposed by the legislature."

And in *City of Indianapolis* v. *Uland* (1937), 212 Ind. 616, 623, 10 N. E. (2d) 907, which was a defective sidewalk case, this court said: "The liability of the city in the first instance is statutory. Section 11230, supra, constitutes a limitation upon that liability. One asking the benefit of the statute must show that he is within its provisions, including that requiring the notice. Since it is apparent from the allegations of the complaint that the appellee's injuries were sustained by reason of being precipitated to the sidewalk because of the ice upon which she stepped, and no other theory can reasonably be attributed thereto, it must be held that the statute required the appellee to give to the city notice of her injuries within 30 days from the time they were sustained. The complaint affirmatively shows that she did not do this. The complaint is not sufficient on demurrer."

An examination of our decisions bearing upon the subject discloses two significant facts: 1. That in every case, so far as we have been able to find, where our courts have passed upon the validity of notice statutes, these have been upheld upon the theory that the Legislature had the right to prescribe the terms and conditions upon which statutory actions might be maintained; 2. that the question of the application of notice statutes to common law actions has never been specifically considered in this jurisdiction.

It is urged that to hold notice statutes applicable to common law actions for negligence against municipalities only, would (1) constitute class legislation, (2)

grant special privileges and immunities, and (3) destroy vested interests. We may say, without extending this opinion, that statutes of the character under consideration have been held not to be subject to the infirmities above set out. *Berger* v. *Salt Lake City* (1920), 56 Utah 403, 191 p. 233, 13 A. L. R. 5; *White* v. *Mayor and City Council of Nashville* (1916), 134 Tenn. 688, 185 S. W. 721, Ann. Cas. 1917 D. 960, 19 R. C. L. p. 1040, note.

But appellant calls our particular attention to article 1, section 12 of our State Constitution, which says: "All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law," and appellant cites, in connection therewith, the case of *Randolph* v. *City of Springfield* (1923), 302 Mo. 33, 257 S. W. 449, 31 A. L. R. 612. From that case it would appear that Missouri has a constitutional provision substantially similar to ours, and the Supreme Court of that state said (p. 41):

"It would seem to be clear, under the allegations of plaintiff's petition, that she was so injured through the actionable negligence of the city that she was unable by reason of such injury to give the notice within the thirty days required by such statute. If plaintiff had not been so severely injured by the defendant's negligence as to prevent her from giving such notice, she could have given it, and would then not have been deprived by the statute of her right of action or remedy for the wrong inflicted upon her by the city. But if the construction of the statute by the lower court is correct, the fact that she was so seriously injured by the negligence of the city that she was unable to give such notice would make the statute, for that reason, deprive her of all right or remedy for the wrong inflicted upon her. In other words, if she is injured severely enough to prevent her from giving such notice of her injury, as required by said section of the statute, the statute forbids

the courts of justice from being opened to her, and deprives her of all right and remedy for the injury she sustained by reason of the negligence of the city. It is clear enough that, if such a provision had been expressly contained in said section of the statute, it would have been in conflict with said sec. 10, art. 2 of the Constitution. If such an intent on the part of the legislature is implied, such implication would be equally inoperative and void as conflicting with the Constitution. . . .

"In the case at bar the plaintiff had a right of action at common law as soon as she was injured by the city. No act of the legislature would be valid which clogged or encumbered her right to enforce such common-law right with impossible conditions, such as to require her to give notice when she was physically or mentally incapable of so doing, or other conditions impossible of performance without her fault. To require such an impossibility of her would, in effect, be a denial of her right to sue at all upon a perfectly valid cause of action."

Appellant urges with much force and logic that his infancy (he being a child of nine years) constituted a disability as effectual as the incapacity of the plaintiff in the Missouri case, and that, under the rule therein laid down, due process of law guarantees him recourse to the courts for the enforcement of his common law rights, notwithstanding the act of 1933. It will be noted that the Missouri court holds that disability alone may be of such a character as to toll the statute. Such also appears to be the law of Illinois. *McDonald* v. *City of Spring Valley* (1918), 285 Ill. 52, 120 N. E. 476. But it is settled in this jurisdiction that neither infancy nor incapacity can suspend the obligation to give the statutory notice. *Touhey* v. *City of Decatur, supra; Peoples* v. *City of Valparaiso, supra.*

Nor can we subscribe to the doctrine that the statute is inapplicable when the complaint proceeds upon the

508

theory of a common law liability. Notice statutes are a limitation on a right to a remedy. *Blair* v. *City of Fort Wayne, supra.* At common law there were no limitations of actions. All such limitations are of statutory origin. *Cowhick* v. *Shingle* (1894), 5 Wyo. 87, 37 P. 689, 63 A. S. R. 17, 25 L. R. A. 608.

If appellant is entitled, under the Constitution, to the enforcement of his common law action, free of any legislative restraint, then the General Assembly possesses no power to prescribe any limit within which such actions shall be brought. Such a conclusion is wholly untenable. Statutes of limitation are founded on State policy. They are regarded as statutes of repose and the Legislature, out of consideration for the public welfare, may fix periods within which actions may be brought, without making any exceptions whatever. See 17 R. C. L., pp. 669-671.

We find no error. Judgment affirmed.