33 N.J. Super. 77 (1954)
109 A.2d 452
ERNEST W. MICHAELS AND CHARLES B. SHORE, PETITIONERS-APPELLANTS,
v.
RAYMOND JOHNSON, COUNTY CLERK OF BURLINGTON COUNTY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 29, 1954.
Decided November 8, 1954.
*79 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
Mr. James M. Davis, Jr., argued the cause for the petitioners-appellants (Messrs. Powell and Davis, attorneys).
Mr. Harold T. Parker argued the cause for the respondent (Messrs. Parker, McCay & Criscuolo, attorneys).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
This appeal is concerned with a proceeding instituted under the provisions of N.J.S.A. 19:14-20 in the Law Division, seeking to compel the county clerk to reprint the official ballot for the General Election, 1954, for the use of the voters of Pemberton Township, Burlington County, so that two additional spaces be provided thereon for the voters to indicate their choice for two additional township committeemen.
The ballots as printed and mailed to the voters on Wednesday, October 27, 1954, provided spaces for only one committeeman to be elected. The names of the Republican and Democratic candidates and a space for personal choice, together with the legend "vote for one" were printed in the respective spaces.
It is the contention of the petitioners that there should have been two additional spaces with their names printed thereon as independent candidates, and two additional spaces for "personal choice," one indicating that one candidate was to be elected for a two-year term and the other for a full term of three years.
On October 28, 1954 the Law Division dismissed the petition at the conclusion of the hearing and this appeal ensued. Because of the emergency, this court heard argument on the appeal on October 29, 1954.
Because of appellants' inability to obtain a transcript of the testimony, the appeal was argued on the basis of the factual recitals of respective counsel, from which it did not appear that there were any substantial or material controverted facts.
*80 The Township Committee of Pemberton Township, prior to June 1, 1954, consisted of three members, one of whom was seeking re-election. While the requisite proofs were not presented, it would appear by the official census records that the township had a population of 2,386 prior to 1950; that the 1950 census, which became official in 1952, disclosed that the population had increased to 4,751. Pursuant to the provisions of N.J.S.A. 40:146-2, when the population of a township passes from one below 4,500 to more than 4,500, the municipality becomes entitled to two additional township committee members, one for two years and the other for a term of three years, to be chosen at the next annual election after the effective date of the act, viz.: June 1, 1954. By virtue of certain acts of the Legislature (N.J.S.A. 40:11-17.3 and 40:11-17.4 and L. 1954, c. 9), the right to the additional members was postponed to June 1, 1954.
At the hearing before the Law Division, the testimony disclosed that the petitioner, Ernest W. Michaels, filed nominating petitions as independent candidates for the alleged vacancies, with accompanying acceptances thereof, with the Township Clerk of Pemberton Township on September 23, 1953, in the presence of one J. Edwin Krecker, who accompanied him; that on September 21, 1954, prior to filing the petitions, the petitioner, Ernest W. Michaels, telephoned to the county clerk, and inquired as to where he should file the petitions; that the county clerk stated that they should be filed with the township clerk and, as stated, they were filed with the township clerk. The county clerk admitted talking with some man on the telephone on September 22  not the 21st  but denied that he suggested that the petitions be filed with the township clerk; that the man raised a question as to the two additional members of the Township Committee in Pemberton Township; that he told him that he had nothing before him dealing with the matter and that whatever the man was going to do ought to be done quickly.
Mr. J. Edwin Krecker's testimony was generally in corroboration of Mr. Michaels' statements, adding that the *81 township clerk said that he did not believe that the township committee would do anything about the vacancies but that he would retain the petitions and would probably notify the county clerk.
Mr. Michaels' testimony was corroborated by the other petitioner, Charles B. Shore, except that he did not go into the building with Mr. Michaels and Mr. Krecker when the petitions were presented to the township clerk, remaining on the outside.
The county clerk testified further that he had a conversation on September 29 with the petitioners' attorney, at which time he was asked if he would have to be mandamused to reprint the ballots so that the voters would have an opportunity to vote for two additional township committeemen; that he advised petitioners' attorney that he would require a court order directing him to do so.
The petitioners contend the trial judge erred (1) in refusing to order a correction of Pemberton Township ballots to provide for the election of three members of the township committee; and (2), in refusing to order that the petitioners' names be printed on the ballots as independent candidates for the office in question.
At the outset, the parties have treated the selection of two additional committee members as vacancies to be filled. The word "vacancy" as used in the elections law would seem to indicate an office that has been vacated by reason of death, resignation or other termination, rather than newly created offices as yet unfilled. However, in view of the fact that the Legislature made no specific provision for the method to be pursued to select candidates whose names might appear on the ballots, we assume that in the absence of such legislation it was intended that the provisions of the Elections Law concerning vacancies should be made applicable. For that position, we find some support. For instance, in Black's Law Dictionary (4th ed.), "vacancy" is defined as:
"A place which is empty. Wallace v. Payne, 197 Cal. 539, 241 P. 879. State v. Young, 137 La. 102, 68 So. 241, 247. * * * An unoccupied or unfilled post, position, or office. Alcorn ex rel. Hendrick *82 v. Keating, 120 Conn. 427, 181 A. 340. An existing office, etc., without an incumbent. State [ex rel. Hopper] v. Board of Election Com'rs of City of Tipton, 196 Ind. 472, 149 N.E. 69, 71."
See also the definition of "vacancy" in 43 Words and Phrases, Cumulative Pocket Part, stating that:
"`Vacancy' means an unoccupied or unfilled post, position, or office; an existing office without an incumbent. Fiscella v. Nulton, 22 N.J. Super. 367, 92 A.2d 103, 107."
and citations from other jurisdictions.
Considering the appellants' grounds of appeal in an inverse order, our attention is directed to the petitioners' contention that the trial judge erred in failing to direct the county clerk to reprint the ballots and include their names thereon.
Unfortunately, the petitions filed with the township clerk did not form a part of the appendix and consequently we have no knowledge of their contents, other than the testimony of the petitioners. An examination of the petitions would have disclosed whether they were in proper form and in compliance with the other provisions of the statute. Counsel conceded that the petitions did not state which term of office (either two year or three year terms) the petitioners were seeking. On the basic issue we are satisfied that the petitioners are not entitled to the relief they seek. It is undisputed, and was conceded by counsel at the argument, that the petitions were filed with the wrong official; that they should have been filed with the county clerk. See N.J.S.A. 19:27-11. On September 29, the petitioners' counsel was informed by the county clerk that he would not provide spaces on the ballots for the alleged vacancies without a court order and yet no proceeding was instituted until October 26, when the present proceeding was instituted. It is obvious that the petitioners' attempt to obtain relief was not prosecuted expeditiously or diligently and should, therefore, be dismissed on that ground. To obtain effectual relief, petitioners should have instituted an action in lieu of prerogative *83 writ promptly after counsel had been informed of the county clerk's refusal to print their names on the ballots, directed to the township clerk, seeking to compel him to perform his alleged ministerial duty and certify that such vacancies existed.
The other question is whether the county clerk should be directed to reprint the ballots to include three spaces in the personal choice column whereby the voters might vote for three members of the township committee, two for three years and one for two years. In the first place, we do not think that the action instituted comes within the intent and meaning of N.J.S.A. 19:14-20, providing that the Superior Court judge assigned to the county may, on the presentation by any resident voter of a verified petition setting forth that an error or omission has occurred in the printing of a ballot by any county clerk, direct that the ballots be reprinted to correct the error or omission. Counsel concede that so far as the county clerk is concerned there is no present error or omission in the ballots as printed; that it was the township clerk's duty under N.J.S.A. 19:27-11 to certify to the county clerk existing vacancies; if any; that the county clerk received no such certification and notwithstanding the fact that the county clerk might have personal knowledge of such vacancies, there was no duty cast upon him to voluntarily print or reprint ballots providing essential spaces for such vacancies. As printed, there was no error or omission therein.
The petitioners further contend that in view of the fact that it is clearly established by the official census for 1950 that the population had increased to more than 4,500, it became the duty of the township clerk to certify the vacancies to the county clerk and for the county clerk to provide spaces thereon in the personal choice column for the voters to cast their ballots for persons of their own choice. But we are not faced with that problem, as no action was brought to compel the township clerk to so certify the vacancies to the county clerk, and the township clerk was not made a party to this action. The county clerk argues that *84 the statute in question, N.J.S.A. 40:146-2 specifically limits the right to elect two additional members of the Committee to "a population of more than forty-five hundred," and that the petitioners failed to introduce any proof that the population had increased to 4,751. However, although the specific proof was not presented to the Law Division, we take judicial notice of the fact that the records in the Secretary of State's office disclose that the official census that became effective in 1952, the township had a population of 4,751. The definition of the word "population" as used in the pertinent statute and its applicability is controlled by N.J.S.A. 1:1-2, as amended, L. 1948, c. 4, p. 47, sec. 1; L. 1953, c. 4, p. 18, sec. 1, which provides:
"Population; inhabitants. The word `population,' when used in any statute, shall be taken to mean the population as shown by the latest Federal census effective within this State, and shall be construed as synonymous with `inhabitants.'"
We are convinced that the township clerk having failed to certify to the county clerk that such vacancies existed, the county clerk was under no duty to reprint the ballots to provide three spaces in the personal choice column or two additional spaces in the Republican and Democratic columns to permit the voters to vote for such offices.
We are prompted to deny the petitioners' application for the further reason that it came before us on Friday, October 29, 1954, with an interval of only three days between the date of the argument and the date of election. Surely, the voters would have had little or no opportunity to give consideration to the question of the persons who might possess the fitness and qualifications for such offices. In fact, it might conceivably happen that some voters might have no knowledge of the vacancies until handed the ballot at the polling place and for the first time acquire knowledge that they were called upon to cast their votes for persons to be elected for such vacancies, without having previously had any opportunity to maturely consider such an important office in the township. Considering the fact that the petitioners *85 filed their petitions with the township clerk on the 23rd of September 1954, it would be a logical inference that they had been campaigning for the offices and would thereby have gained an undue advantage over any other person or persons who might be voted for as the personal choice of the voters. If we were to direct the county clerk to reprint the ballots and provide spaces in the Republican, Democratic and personal choice columns for the additional two township committeemen to be elected, approximately three days before the election itself, we think it would be manifestly in contravention of the spirit and legislative intendment of the election laws, to wit: that it should be an informed electorate when they are called upon to participate in an election.
The judgment of the Law Division is affirmed, without costs.