Ewing WERLEIN, Relator,

v.

Robert S. CALVERT, Comptroller of Public Accounts, Respondent.

John A. JAMES, Jr., Relator,

v.

Robert S. CALVERT, Comptroller of Public Accounts, Respondent.

Nos. B–2292, B–2348.

Supreme Court of Texas.

Nov. 11, 1970.

Rehearing Denied Dec. 31, 1970.

Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., Dallas, Brown, Kronzer, Abraham, Watkins & Steely, W. James Kronzer, Houston, Graves, Dougherty, Gee, Hearon, Moody & Garwood, Thomas G. Gee, Austin, Robert M. Mahanay, William R. Anderson, Jr., Cleburne, for relators.

Crawford Martin, Atty. Gen., Kerns Taylor and W. E. Allen, Asst. Attys. Gen., Austin, for respondent.

WALKER, Justice.

These are original mandamus proceedings. On the principal questions presented for decision, we hold that Art. V, Sec. 1–a, of the Texas Constitution, Vernon's Ann.St. does not render a retired judge who is at least 75 years of age ineligible for assignment to active duty or ineligible to serve as presiding judge of an administrative judicial district. The constitutional and statutory background will be reviewed before stating the facts.

*Background*

As originally adopted in 1948, Art. V, Sec. 1–a, simply authorized the Legislature to provide for the retirement and compensation of judges of the appellate, district and criminal district courts, and for their reassignment to active duty where and when needed. Pursuant to the authority there

granted, the Legislature in 1949 enacted Art. 6228b, Vernon's Ann.Tex.Civ.Stat.,[1] which provides that judges in the categories named who satisfy certain requirements with respect to service may, at their option, retire and receive retirement pay from the State after attaining the age of 65 years. Provision was also made for retired judges to be assigned to active duty with their consent. Under the terms of the statute, they may be assigned by the Chief Justice to sit in any court in the State of the same or lesser dignity than that from which they retired, and district judges may also be assigned to sit in a district court as provided in Art. 200a. The statute further provides, in effect, that a retired judge on assignment shall have all the powers and receive, in lieu of retirement pay, the same salary as the judge of the court to which he is assigned.

In so far as material here, Art. 200a divides the State into nine administrative judicial districts and provides that a presiding judge for each district shall be appointed by the Governor with the advice and consent of the Senate. The presiding judge is authorized to assign incumbent and retired district judges of his district to a court in the same district or to another administrative district upon call of the presiding judge of the latter district, and the judges of one district may also be assigned by the Chief Justice for service in another district. Art. 200a was amended in 1965 to permit the Governor to appoint as administrative judge either one of the regularly elected district judges or a district judge who had voluntarily retired from office. This was the situation when Art. V, Sec. 1–a, of the Constitution was amended in 1965.

The 1965 amendment provides generally for the automatic retirement of judges at the age of 75 years, for the creation of the State Judicial Qualifications Commission and for the removal or involuntary retirement of judges. The relevant provisions, with language added by the amendment in italics and that deleted shown in brackets, are as follows:

"*Subject to the further provisions of this Section,* the Legislature shall provide for the retirement and compensation of [Judges and Commissioners] *Justices and Judges* of the Appellate Courts and [Judges of the] District and Criminal District Courts on account of length of service, age [or] *and* disability, and for their reassignment to active duty where and when needed. *The office of every such Justice and Judge shall become vacant when the incumbent reaches the age of seventy-five (75) years or such earlier age, not less than seventy (70) years, as the Legislature may prescribe; but, in the case of an incumbent whose term of office includes the effective date of this Amendment, this provision shall not prevent him from serving the remainder of said term nor be applicable to him before his period or periods of judicial service shall have reached a total of ten (10) years.*"

*Facts*

*Cause No. B-2292:* The Honorable Ewing Werlein, relator, formerly served as Associate Justice of the Court of Civil Appeals for the First Supreme Judicial District of Texas. Having reached the age of 75 years before his periods of judicial service aggregated ten years, he continued in office until he had completed ten years of service on August 31, 1967. Relator's office then became vacant under the provisions of the 1965 amendment, and he duly elected to continue as a "judicial officer" in accordance with Sec. 7 of Art. 6228b. Thereafter he was assigned by the Chief Justice to sit in the district courts of a number of different counties. On each occasion relator filed claims for compensation for the judicial service so rendered by him, and for some time these claims

1. Except as otherwise indicated, all statutes are referred to by the article number under which they appear in Vernon's Ann.Tex.Civ.Stat.

were routinely paid by the Comptroller of Public Accounts, respondent. On May 12, 1970, the Attorney General ruled that Art. V, Sec. 1–a, renders a retired judge who is at least 75 years of age ineligible for assignment to active duty. Respondent accordingly refused to pay two of relator's claims that were then pending, and this mandamus proceeding was instituted to require him to do so.

*Cause No. B–2348*: The Honorable John A. James, Jr., relator, is the duly elected, qualified and acting Judge of the 18th Judicial District of Texas, which is part of the Third Administrative Judicial District. On several occasions relator was assigned to other courts by the Honorable D. B. Wood, who was the appointed and acting Presiding Judge of the Third Administrative Judicial District. Judge Wood had voluntarily retired as Judge of the 26th Judicial District of Texas and was more than 75 years of age when the assignments were made. Relator served in the other courts to which he was assigned, and then submitted claims for the additional compensation to which he would normally be entitled under the provisions of Art. 200a. Respondent refused to pay the claims on the ground that the assignments under which relator served were invalid because Art. V, Sec. 1–a, renders a retired judge who is at least 75 years of age ineligible to serve as presiding judge of an administrative judicial district. An original mandamus proceeding was then instituted to require payment of the claims.

*Construction of 1965 Amendment*

The Attorney General reasons that the first sentence of Art. V, Sec. 1–a, enumerates the persons to whom it applies, viz: (1) justices and judges of the appellate courts; (2) judges of the district and criminal district courts; and (3) those reassigned to active duty. It is then provided that "the office of every such Justice and Judge shall become vacant when the incumbent reaches the age of seventy-five (75) years." This language, it is argued, applies to each of the three classifications mentioned in the preceding sentence. It necessarily follows, we are told, that the "office" that would otherwise be held by a retired judge on assignment to active duty becomes or remains vacant if the judge is at least 75 years of age. We do not agree.

The language of the 1965 amendment is presumed to have been carefully selected, and the words used are to be interpreted as the people generally understood them. Cramer v. Sheppard, 140 Tex. 271, 167 S.W. 2d 147; Orndorff v. State ex rel. McGill, Tex.Civ.App., 108 S.W.2d 206 (wr. ref.). Provisions of the amendment and the Constitution that relate to the same subject matter are to be considered in the light of each other. Purcell v. Lindsey, 158 Tex. 541, 314 S.W.2d 283; Collingsworth County v. Allred, 120 Tex. 473, 40 S.W.2d 13. The history of the times out of which the amendment grew and to which it may rationally be supposed to have a direct relationship, the evils intended to be remedied, and the good to be accomplished, are proper subjects of inquiry. Markowsky v. Newman, 134 Tex. 440, 136 S.W.2d 808. Contemporaneous construction by the legislative or executive branches is entitled to great weight where acquiesced in and adhered to for a long period of time. Theisen v. Robison, 117 Tex. 489, 8 S.W.2d 646. It may be considered even where the period of acquiescence is no more than three years. Walker v. Meyers, 114 Tex. 225, 266 S.W. 499.

The first sentence of the 1965 amendment authorizes the Legislature to provide for the retirement and compensation of justices and judges of the appellate, district and criminal district courts, and for their reassignment to active duty when and where needed. Justices of the appellate courts are elected to serve for terms of six years. Judges of the district and criminal district courts hold office for terms of four years. Vacancies in any of the offices named are filled by the Governor until the next succeeding general election. Constitution, Art.

IV, Sec. 12, Art. V, Secs. 2, 4, 6, 7 and 28; Arts. 1926–1 et seq. All of the justices and judges of the various courts mentioned in the first sentence of the amendment thus have at least two things in common: (1) they serve for terms of definite duration, and (2) vacancies in their offices are to be filled by the Governor until the next general election.

The second sentence of the amendment declares that the office "of every such justice and judge" shall become vacant when the incumbent reaches the age of 75 years. When the language just quoted is given its natural meaning, it obviously refers to the justices and judges mentioned in the first sentence who hold office for terms of definite duration. If there were any doubt in this respect, it would be dispelled by the provision that "the office * * * shall become vacant." This makes it clear that the amendment is dealing with an office that will continue to exist upon being vacated by the incumbent. A retired judge assigned to active duty is authorized to exercise the powers of an office while serving on assignment. He does not by virtue of the assignment, however, hold an office that could possibly "become vacant" upon termination of his powers either by death or operation of law. See Pickens v. Johnson, 42 Cal.2d 399, 267 P.2d 801.

It has also been suggested that the amendment renders a judge ineligible to be a "judicial officer" within the meaning of Art. 6228b. Sec. 7 of this statute was amended in 1967 to provide that a judge might, within 90 days after retirement, elect to continue as a judicial officer. Upon making this election, he is subject to assignment with his own consent. When Art. V, Sec. 1–a, was amended in 1965, however, the statute made all judges retired under the Judicial Retirement Act "judicial officers" of this State. If the 1965 amendment were taken to mean that a person 75 years of age or older cannot be one of these "judicial officers" as that term was understood when the amendment was adopted, there might be a serious question as to the right to retirement pay after age 75. There is also a question as to whether a retired judge not on assignment to active duty actually holds an office since he is not entitled to exercise any of the powers of sovereignty. Be that as it may, he clearly is not one of the justices or judges mentioned in the amendment. The position he holds as a "judicial officer" could not "become vacant", moreover, since it would not continue to exist after the incumbent's right thereto terminated by death or operation of law.

The present provisions of Art. 6228b are significant from the standpoint of contemporaneous legislative construction. Sec. 7 declares, without any reference to age or other limitation, that "any person who has retired under the provisions of this Judicial Retirement Act" may make the election mentioned above, "in which instance they shall, with their own consent to each assignment, be subject to assignment * * *." The Legislature has thus construed Art. V, Sec. 1–a, in the same manner as the responsible officials of the Judicial Department who have been assigning retired judges 75 years of age or older to active duty.

We are satisfied that neither the Legislature nor the voters contemplated or intended that a judge who had, when less than 75 years of age, retired from the office to which he was duly elected or appointed, would be compelled to retire a second time from a different office when he reached the age of 75. In our opinion the second sentence of the 1965 amendment applies only to offices held for a fixed term and entitling the incumbent to exercise judicial power as a member or presiding officer of a court.

Although respondent argues to the contrary, this construction does not render the amendment meaningless. The reason for the amendment and its purpose are matters of common knowledge. Judges did not always retire when they should and some were reelected after the infirmities resulting from age made it impossible for them

to render effective service. The amendment was adopted to insure that, with certain exceptions to prevent hardship, all judges of the courts designated would retire at or before reaching the age of 75 years. There are, however, judges that old and older who are quite capable of rendering effective judicial service. They are allowed to serve only when assigned to active duty by their presiding judge or the Chief Justice, and competence is one matter to be considered by the assigning authority. With this safeguard built into the statutory procedure, those who drafted the 1965 amendment evidently concluded that the State should not be deprived, absolutely and without exception, of the knowledge and experience of retired judges who have reached the age of 75 years.

Respondent also contends that a judge who voluntarily retires becomes ineligible at age 75 to serve as presiding judge of an administrative judicial district, but the argument advanced in support of this contention is not entirely clear to us. The Attorney General first says that when an active district judge is appointed and serves as presiding judge, the latter position is not a separate office but simply requires that additional duties be performed by the district judge. He further says that when a voluntarily retired judge is appointed and serves as presiding judge, the position of presiding judge necessarily constitutes an office. Both of these propositions may be entirely sound, but respondent does not point to, and we are unable to find, anything in the 1965 amendment even remotely suggesting that a retired judge may not serve in a purely administrative capacity after reaching the age of 75 years.

Under the provisions of Art. 200a, the Governor may appoint as administrative judge either one of the regularly elected

district judges or a retired district judge who voluntarily retired from office. After directing our attention to these provisions, respondent states that "in order to harmonize this statute with Section 1–a, Article V, of the Texas Constitution, the administrative judge must not be over 75 years of age unless covered by the two enumerated exceptions in this Section 1–a." As we understand this argument, respondent is saying that in view of the 1965 amendment to Art. V, Sec. 1–a, a judge who voluntarily retired when less than 75 years of age can no longer be regarded as voluntarily retired within the meaning of Art. 200a after he reaches the age of 75. That is not the effect of the amendment, and it is not a reasonable interpretation of the statute.

We hold: (1) that Art. V, Sec. 1–a, does not render a retired judge 75 years of age or older ineligible for assignment to active duty or ineligible to serve as presiding judge of an administrative judicial district; and (2) that under the provisions of Art. 200a, a district judge who voluntarily retired when less than 75 years of age may serve as presiding judge after reaching the age of 75. Since respondent has not urged any other reason for denying payment of relators' claims, we assume that they will now be paid. In the event the claims are not paid, writs of mandamus will issue.

CALVERT, C. J., not sitting.

Dissenting opinion by POPE, J., in which HAMILTON, J., joins.

POPE, Justice (dissenting).

Section 1–a, Article V of the Texas Constitution, in my opinion clearly states that the office of a judge becomes vacant when the judge reaches seventy-five.[1] Without

1. Subject to the further provisions of this Section, the Legislature shall provide for the retirement and compensation of Justices and Judges of the Appellate Courts and District and Criminal District Courts on account of length of service, age and disability, and for their reassignment to active duty where and when needed. The office of every such Justice and Judge *shall become vacant* when the incumbent reaches the age of seventy-five (75) years or such earlier age, not less than seventy (70) years, as the Legislature may prescribe; * * *. (Emphasis added)

an office, he is stripped of judicial powers to perform the functions of a judge. The section contains thirteen separate paragraphs, but only the first concerns reassignment after judicial retirement. That paragraph contains two sentences and each sentence addresses itself to distinct and different problems. The first is a general authorization to the Legislature to provide for the retirement, compensation, and assignment of judges in retirement. That section commences with the limiting phrase, "Subject to the further provisions of this Section." It is the second sentence that states the limitations upon the Legislature. That sentence states that the office of every judge "shall become vacant when the incumbent reaches the age of seventy-five." The phrasing of Section 7, Article 6228b, V.T.C.S.,[2] which provides for the continued use of retired judges, is also significant. It states that a retired judge may "continue as a judicial officer." Reassignment is authorized in the case of a retired judge who thus continues as "a judicial officer."

The statute in authorizing reassignment of a "judicial officer", and the Constitution in declaring that an "office shall become vacant", were using understandable terms which go to the heart of eligibility for service in this case.

The majority has construed the term "office" as used in Article V to mean only that office to which the judge was originally elected and from which he initially retired. The term, in my opinion, must also include the position filled by a "judicial of-ficer" serving under the provisions of Article 6228b. To be a "judicial officer" one must have an office. " 'Officer' is inseparably connected with 'office'; there can be no officer without an office." 67 C.J.S., Officers, Sec. 1b. That the duties of the judicial officer under the statute are less regular than those of the duly elected judges and justices, and arise only with the consent of the officer, should not make the position he occupies any less an "office" under the Constitutional provision. Nor is it material that the Legislature has not fixed the term of a judicial officer at a prescribed number of years. I would point out that while the terms of several judicial officers may vary in length, the term of each judicial officer is of fixed duration. As I construe the Constitutional and statutory provisions involved in this case, the duration of a particular individual's term as a judicial officer can readily be determined by anyone knowing the officer's seventy-fifth birthday, the day on which the judicial officer must vacate his office.

As I apply the Constitutional language "shall become vacant" to the facts of this case, the office occupied by District Judge Werlein under the provisions of Article 6228b, automatically became vacant when Judge Werlein reached the age of seventy-five. But according to the majority's holding, the words "shall become vacant" in Article V now mean "shall not necessarily become vacant, but shall remain occupied for some purposes." A vacant public office is one which lacks a public official who

2. Sec. 7 * * * Any person who has retired under the provisions of this Judicial Retirement Act may elect in writing addressed to the Chief Justice of the Supreme Court within ninety (90) days after such retirement or within ninety (90) days after the effective date of this amended section, whichever is the later date, *to continue as a judicial officer*, in which instance they shall, with their own consent to each assignment, be subject to assignment by the Chief Justice of the Supreme Court to sit in any court of this state of the same dignity, or lesser, as that from which they retired, and if in a District Court, under the same rules as provided by the present Administrative Judicial Act (Art. 200a), and while so assigned, shall have all the powers of judges thereof. While assigned to said court, such judges shall be paid an amount equal to the salary of judges of said court, in lieu of retirement allowance. No person who has heretofore retired under the provisions of this Judicial Retirement Act *shall be considered to have been a judicial officer of this state* after such retirement, unless such person has accepted an assignment by the Chief Justice to sit in a court of this state. (Emphasis added)

can perform its functions. The term "vacant" has been defined as "empty; unoccupied; as 'vacant office.' Schaffner v. Shaw, 191 Iowa 1047, 180 N.W. 853, 854." Black's Law Dictionary, p. 1717 (DeLuxe, 4th ed. 1951). The same authority defines "vacancy" as "an unoccupied or unfilled post, position, or office. Alcorn ex rel. Hendrick v. Keating, 120 Conn. 427, 181 A. 340. An existing office, etc., without an incumbent. State ex rel. Hopper v. Board of Election Com'rs of City of Tipton, 196 Ind. 472, 149 N.E. 69, 71. The state of being destitute of an incumbent, or a proper or legally qualified officer. Ashcroft v. Goodman, 139 Tenn. 625, 202 S.W. 939."

The legislative history of the judicial retirement act shows an intent to provide retirement for judges who have served the state, an intent to encourage and induce judges to retire as soon as eligible, and an intent to use for a time those judges in retirement on assignment. However, this use is limited by the new and presumably purposeful language added to the Constitutional provision in 1965. In my opinion, the clear purpose of that language was to make mandatory the abrupt, involuntary termination of judicial service by judges who reach age seventy-five. The Legislature has provided an incentive for retirement by making available during retirement one-half the judicial salary. Moreover, the Legislature has encouraged the earliest possible retirement by providing a ten per cent increase in retirement pay for those who retire before the age of seventy or as soon thereafter as they are eligible. Section 2, Article 6228b, V.T.C.S. Ideally, under this Legislative scheme, a judge would retire from the office to which he was elected when first eligible for retirement benefits, and then by his own choice would become a judicial officer available for assignment under Article 6228b. He would continue to serve in this latter position or office until he reached the mandatory retirement age of seventy-five established by Article V of the Constitution.

To me, the philosophy of the judicial retirement acts has been that of making judicial offices available to a younger generation of judges as early as possible. I therefore disagree with the thought expressed in the majority opinion that a facet of the judicial retirement provisions allows certain qualified judges to continue in service for an unlimited period of time.

I would hold that at age seventy-five, a judge is no longer a "judicial officer" under Article 6228b because his office has "become vacant" under Section 1–a, Article 5 of the Texas Constitution.

HAMILTON, J., joins in this dissent.