

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

*overruled*
*M-842*
*M-1194*
*where conflict*

November 21, 1973

The Honorable Dolph Briscoe
Governor of Texas
State Capitol Building
Austin, Texas 78711

Opinion No. H- 155

Re: Whether retired state
judges may be appointed
to an appellate board to
review decisions of an
administrative nature

Dear Governor Briscoe:

You have requested our opinion concerning the propriety of your appointing retired judges to an appellate board of review for the Office of Comprehensive Health Planning. Such a review board is called for by newly enacted amendments to the Social Security Act (42 USC § 401, et seq.).

The 92nd Congress of the United States amended Title XI of the Social Security Act by adding § 1122 [Public Law 92-603, 86 Stat. 1329 (1972)]. The legislation calls for a state planning agency (your Office of Comprehensive Health Planning) to review proposed capital expenditures and determine whether they are "necessary" and would be in conformity with "the standards, criteria, or plans developed by such agency" for adequate health care facilities in the State. It requires, in subsection 1122(b)(3), that the state establish and maintain an appellate administrative procedure whereby a person proposing such a capital expenditure may appeal the recommendation of the designated agency "and will be granted an opportunity for a fair hearing."

You indicate that some of the judges you contemplate appointing presently are assisting the Court of Criminal Appeals as Commissioners. Others serve as special judges in certain administrative districts, and one is presently a part-time professor of law at a State university.

Pursuant to Article 5, § 1a, of the Constitution, as amended in 1965, the Legislature in 1971 amended Article 6228b, V.T.C.S., the statute which governs the retirement of justices, judges and commissioners of appellate and district courts. Section 7 of the Article, as amended, now provides in part:

> "During the time judges who have retired under the provisions of the Act are receiving retirement pay they shall not be allowed to appear and plead as attorneys at law in any court in this State. <u>Any person who has retired under the provisions of this Judicial Retirement Act may elect in writing address to the Chief Justice of the Supreme Court . . . to continue as a judicial officer,</u> in which instance they shall, with their own consent to each assignment, be subject to assignment. . . . No person who has heretofore retired under the provisions of this Judicial Retirement Act shall be considered to have been a judicial officer of this State after such retirement, unless such person has accepted an assignment by the Chief Justice to sit in a court of this State." (emphasis added)

A new § 7a provides:

> "(a) Any person who has retired under the provisions of this Judicial Retirement Act and who within ninety (90) days after such retirement accepts an assignment by the Chief Justice of the Supreme Court or by a Presiding Judge of an Administrative Judicial District shall continue as a judicial officer, in which instance he shall, with his own consent to each assignment, be subject to assignment... . ."

We construe these sections of Article 6228b as affording the retired judge an option as to whether he will remain a judicial officer. See <u>Werlein v. Calvert,</u> 460 S. W. 2d 398 (Tex. 1970); <u>Buchanan v. State,</u> 471 S. W. 2d 401 (Tex. Crim. 1971), cert. denied, 405 U. S. 930; <u>Ex parte Howell,</u> 488 S. W. 2d 123 (Tex. Crim. 1972).

Article 2, § 1, of the Constitution provides for the separation of governmental powers. After dividing the government into the three basic departments, legislative, executive and judicial, it provides:

" . . . and no person, or collection of persons
being of one of these departments, shall exercise
any power properly attached to either of the others,
except in the instances herein expressly permitted. "

Administrative determinations of whether a capital expenditure would
be "necessary" or in conformity with certain criteria established by an
executive agency are executive decisions. Administrative appellate positions
would be positions in the executive branch of government. Persons "of" the
judiciary, including retired judges who remain judicial officers, cannot con-
stitutionally exercise such executive functions. See Davis v. City of Lubbock,
326 S. W. 2d 699 (Tex. 1959); Chemical Bank and Trust Company v. Falkner,
369 S. W. 2d 427 (Tex. 1963); Attorney General Opinion H-7(1973).

We advise you, therefore, that, in our opinion, any of the retired judges
you have in mind who wish to remain judicial officers under § § 7 and 7A of
Article 6228b would be disqualified from accepting appointment to your appellate
administrative board. Article 2, § 1, Constitution of Texas. This would apply
to retired judges serving as Commissioners on the Court of Criminal Appeals
and to special judges now serving administrative districts.

If any of the persons you have in mind have not elected to remain judicial
officers, then, in the absence of any other impediment, we believe they would
be eligible for appointment to the appellate board you envision.

If any of the retired judges you have in mind should, while remaining
judicial officers, accept such appointments and qualify for the administrative
positions, they would ipso facto relinquish their judicial status, we believe.
In other words, they could accept such appointments, but if they did, they
would no longer be judicial officers. The reason for this is illustrated by the
case of the retired judge who is a professor at a state university.

Professors at state universities are "of" the executive branch [see
Attorney General Opinion H-6(1973)]. Article 2, § 1, of the Constitution pro-
hibits a person, being of one department (executive), from exercising any
power properly attached to a different department (judicial). [See Attorney
General Opinion H-7(1973); Attorney General Letter Advisory No. 65 (1973)].

The Honorable Dolph Briscoe, page 4 (H-155)

When a person holding one governmental position assumes another which the Constitution does not permit him to hold in conjunction with the first, the first position is _ipso facto_ surrendered upon assumption of the second. Compare Pruitt v. Glen Rose Ind. School Dist. No. 1, 84 S.W. 2d 1004 (Tex. 1935); Thomas v. Abernathy County Line Ind. School Dist., 290 S.W. 152 (Tex. Comm. App. 1927); City of Houston v. Stewart, 87 S.W. 663 (Tex. 1905); see Attorney General Letters Advisory No. 62 (1973) and No. 63 (1973).

Thus, a retired judge who has since become "of" the executive branch of State government as a professor has relinquished his status as a judicial officer, whether or not he originally chose upon retirement to retain that designation. To the extent that Attorney General Opinions M-842 (1971) and M-1194 (1972) would indicate otherwise, they are disapproved. Since the professor is no longer a judicial officer, if he also accepts the post you contemplate, he would then occupy only two _executive_ positions, a permissible combination under Article 2, §1, of the Constitution. Since both such positions would be "non-elective," the exception for non-elective State officers in Article 16, §40, of the Constitution could apply and a prohibited dual office holding would not necessarily result.

We are of the opinion, therefore, that the persons you contemplate appointing may legally accept such appointments, but by doing so, they will relinquish their status as judicial officers if they have not already done so.

## SUMMARY

Retired judges may legally be appointed to serve as administrative appellate officers, but those who accept and qualify for such appointments may no longer retain status as judicial officers.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee.

p. 722