

# The Attorney General of Texas

April 3, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Joseph N. Murphy
Executive Director
Employees Retirement System
    of Texas
Box 12337, Capitol Station
Austin, Texas 78711

Opinion No. H-1149

Re: Administration of Judicial
Retirement.

Dear Mr. Murphy:

You have asked a number of questions regarding the administration of the judicial retirement system.

Recent amendments to article 200a, V.T.C.S., provide that a former district judge who is not yet retired is eligible for assignment as a special judge so long as he is not more than 70 years of age and has not been defeated for reelection or removed from office. The amendment declares that such an individual, during the period of his assignment as a special judge, shall be paid

> the same amount of compensation, salary, and expenses that the regular judge is entitled to receive from the county and from the state for such services.

Section 5a. In Attorney General Opinion H-1021 (1977), we held that the "compensation" of a former district judge assigned as a special judge includes the accrual of creditable service toward retirement. When the Legislature added former district judges to the group available for special assignment, however, it did not alter the relevant portions of article 6228b, the judicial retirement statute, to conform therewith. We are therefore obliged to apply the requirements of article 6228b to this class of persons without the benefit of legislative guidance.

You first ask whether a person on assignment may retire from "regular active service" under section 2(a) of article 6228b, and if so, whether such an individual may be eligible for the additional ten percent benefit payable thereunder. Section 2(a) provides:

Any judge in this state may, at his option, retire from regular active service after attaining the age of sixty-five (65) years and after serving on one or more of the courts of this state at least ten (10) years continuously or otherwise, provided that his last service prior to retirement shall be continuous for a period of not less than one year.   Any person who has served on one or more of the courts of this state at least twelve (12) years, continuously or otherwise, regardless of whether he is serving on a court at such time, shall after attaining the age of sixty-five (65) years, be qualified for retirement pay under this Act.   Any person retiring in accordance with this Act after the effective date of this amendment shall, during the remainder of such person's lifetime receive from the State of Texas monthly a base retirement payment equal to fifty percent (50%) of the salary being received by a judge of a court of the same classification last served by such person as judge.   An additional ten percent (10%) of the applicable salary shall be added to the base retirement payments to the following judges:  (1) those eligible for retirement under any provisions of this Act as amended who retire at or before age seventy (70); and (2) those who are not eligible by length of service to retirement benefits at age 70 but who retire immediately upon becoming eligible. However, the additional ten percent (10%) benefit shall not be paid to any judge who has been out of office for a period of longer than one (1) year at the time he applies for retirement benefits under this Act, except that any provisions in any statute to the contrary notwithstanding, a judge who on the effective date of this amendment has retired at or before age seventy (70) and who is now serving as the presiding judge of an administrative judicial district is entitled to the additional ten percent (10%) provided in this section. Any judge drawing retirement at the effective date of this Act shall receive the same retirement pay as judges of the same classification who have retired on the current pay scale; that said judge shall be entitled to any raises based upon increases in current salary.

In our opinion, there is one instance in which a former district judge may retire while on special assignment under article 200a.  Section 2(a) makes eligible for retirement any person who is 65 years of age and who has 12 years cumulative service, without regard to "whether he is serving on a court" at the time of his retirement.   However, the statute also provides that a judge may retire from regular active service at age 65 with 10 years total service, provided that "his last

service prior to retirement [has been] continuous for a period of not less than one year." Since a special judge is not on regular active service, he may not retire under this provision.

Section 2(a) also establishes an additional 10 percent benefit for judges who retire by the age of 70 or as soon thereafter as they become eligible to do so. The statute provides that, under most circumstances, the additional benefit is not available to "any judge who has been out of office for a period of longer than one (1) year at the time he applies for retirement benefits." Section 5(a) of article 200a states that a former district judge, while on assignment "shall have all the powers of a judge. . . ." It does not, however, provide that a former district judge who accepts an assignment "shall continue as a judicial officer," as does a retired judge under sections 7 and 7A of article 6228b. Furthermore, in Werlein v. Calvert, 460 S.W.2d 398 (Tex. 1970), the Supreme Court held that, a retired judge

> is authorized to exercise the powers of an office while serving on assignment. He does not by virtue of the assignment, however, hold an office . . . .

460 S.W.2d at 401. We do not believe, therefore, that a former district judge serving on special assignment occupies an "office" for purposes of section 2(a) of article 6228b. In our opinion, the benefit is available only to judges who retire from office, not those who retire from special assignment. Thus, any creditable service he accrues while on assignment will not affect his eligibility to the additional ten percent benefit created by section 2(a).

Your next question is whether a person assigned as a special judge may apply for a disability benefit under section 3, which provides:

> If a judge has served on one (1) or more of the courts of this state at least seven (7) years, continuously or otherwise, and because of disability can no longer perform his regular judicial duties as such judge, he shall be retired from regular active service, irrespective of his age, and shall be entitled to retirement pay during the remainder of his lifetime or during the period of such disability, under the same conditions and limitations as provided in Section 2 of this Act.

> Any judge coming within the purview of this Statute who shall apply for retirement by reason of physical incapacity shall file with the Supreme Court of Texas written reports by two (2) licensed physicians of the State of Texas fully reporting the claimed physical incapacity; and the Chief Justice of the Supreme Court of Texas is hereby vested with

> the authority to appoint a licensed physician of the State of Texas to make any additional medical investigation they deem necessary. Provided, however, that if such physical disability is caused or results from the intemperate use of alcohol or narcotic drugs, such facts shall be grounds for denial of such benefits.

This provision is applicable when a judge is no longer able to perform his "regular judicial duties." Since a person assigned as a special judge does not have regular judicial duties, section 3 does not apply.

You also ask whether a judge on assignment may qualify for retirement benefits under that portion of section 4 which states:

> Any person who has served on one (1) or more Courts of this State as defined herein for twenty (20) years or more at any time, continuously or otherwise, provided that his last service prior to the date of retirement shall have been continuous for a period of not less than ten (10) years, shall likewise be entitled to retirement pay under the provisions of this Act.

Section 4 permits a judge with 20 years cumulative service to retire if his last period of service prior to retirement has been continuous for at least 10 years. However, he must remain on assignment for a continuous period of ten years. Just as with a regular judge, "continuous service" is not, of course, tantamount to a daily courtroom appearance, and we believe that the special judge and the appointing authority may agree to an arrangement which accomplishes the intent of the "continuous service" requirement.

Next, you ask whether a judge who accepts a special assignment should pay in retirement contributions an amount equal to six percent of the monthly judicial salary, or six percent of the salary he is actually paid. While on special assignment, a former district judge is entitled to receive "the same amount of compensation, salary and expenses" as a regular judge. Section 5 of article 6228b directs that every judge "shall contribute the same percentage of his annual salary paid to him by the State which is contributed by each member of the Employees Retirement System." In Attorney General Opinion H-667 (1975), we construed this provision to mean that judges are to "contribute six percent (6%) of their annual compensation paid by the State to the Judicial Retirement System," the "same rate as other employees in general." The Employees Retirement System has interpreted section 8A of article 6228a to require that the 6 percent contribution of state employees should be applied only to that portion of their salary actually paid. In our opinion, such a construction is equally applicable to the retirement contributions of a former district judge who accepts a special assignment. We are of the opinion,

therefore, that such an individual should contribute an amount equal to 6 percent of the salary he is actually paid.

Your final question is whether a former district judge with more than 10 but less than 12 years creditable service is eligible for the death benefit plan under section 2(a-1) of article 6228b, which provides:

> Prior to retirement any contributing member with ten (10) or more years creditable service, and any noncontributing member with twelve (12) or more years creditable service, may select a Death Benefit Plan and designate a nominee to receive a reduced monthly annuity either for life, or for a ten (10) year guaranteed period, to become effective and payable, in lieu of the refund of the member's contributions, to such nominee beginning the day following the death of such member. If the qualified member dies without having made such Death Benefit Plan Selection, the surviving spouse may choose the plan in the same manner as if the member had completed the selection; otherwise, contributions shall be refunded to the designated beneficiary. Application for such plan shall be on forms prescribed by the State Board of Trustees. The reduced benefits shall be computed in the same manner as for a member's service retirement as provided elsewhere in this Act. The ages of the member and the nominee at the date of the member's death shall be used in determining the reduced annuity. The plan selected shall become null and void upon the effective date of the member's retirement, provided, however, that any member with seven (7) or more years of creditable service who is required to retire on disability, as provided elsewhere in this Act, shall be eligible to select a reduced annuity in the same manner as that provided for members retiring on a service retirement.

Section 2(a-1) applies to any "contributing member with ten (10) or more years creditable service." Contributions to the retirement system are made on a monthly basis. V.T.C.S. art. 6228b, § 5. In our opinion, a judge is a "contributing member" if, during a particular month, he makes any contribution to the Judicial Retirement System. So long as a judge accepts a special assignment during any part of a month, he receives compensation and thus makes a contribution for that month. Accordingly, we believe that the death benefit plan is available to a judge who has served on special assignment during the month of his death.

## SUMMARY

A former district judge who is not yet retired is eligible for assignment as a special judge under the circumstances stated in article 200a, V.T.C.S.

A judge on special assignment does not qualify for a disability benefit under article 6228b, section 3 if the disability occurs while he is serving on special assignment.

A judge on special assignment should pay in retirement contributions an amount equal to six percent of the salary actually paid him.

The death benefit plan in article 6228b, section 2(a-1) is available to a judge who serves on special assignment during the month of his death and who otherwise qualifies.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst