# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00428-CV

---

**Employees Retirement System of Texas, Appellant**

**v.**

**Martin Lowy, Appellee**

---

**FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-18-003527, THE HONORABLE JAMES LEE CARROLL, JUDGE PRESIDING**

---

### O P I N I O N

The Employees Retirement System of Texas (ERS) appeals from the trial court's judgment in favor of Judge Martin Lowy, reversing an administrative decision by ERS's Executive Director. We reverse the trial court's final judgment and render judgment upholding the Executive Director's decision.

### FACTUAL AND PROCEDURAL SUMMARY

Judge Lowy was elected to the district court bench in November 2006 and took office January 1, 2007. He was reelected in 2010 but defeated in 2014, leaving the bench on December 31, 2014. From January 2015 through January 2017, he regularly served as a visiting judge by assignment, earning retirement service credit for each month in which he served. Judge Lowy asserted that in 2014 and 2015, an ERS employee verbally advised him that if he

"commenced serving as a visiting judge immediately after the end of [his] term, and served at least once per month for two years," he would be eligible to retire. In late August 2016, a second ERS employee confirmed that information verbally and via an email stating, "With continuous service, you will be eligible to retire in January 2017 with 11 years of service," explaining what his annuity would be if he "retire[d] directly from the bench." However, in early December, that second employee informed the judge that the earlier information was incorrect and that Judge Lowy could not retire until January 2019. Judge Lowy submitted a written application for retirement, stating that he wished to retire on January 31, 2017, and that he had made plans relying on the earlier statements that he would be eligible for retirement on that date. ERS denied his request, and Judge Lowy sought a contested-case hearing. *See* Tex. Gov't Code § 815.511.

In October 2017, an administrative law judge (ALJ) with the State Office of Administrative Hearings issued a proposal for decision recommending that Judge Lowy's appeal be granted. In Proposed Conclusion of Law #6, the ALJ determined that "[a]t the time he applied for retirement, Judge Lowy 'held judicial office' as that term is used in Texas Government Code § 839.101."[1] ERS staff objected, and the Executive Director rejected the ALJ's determination and ruled against Judge Lowy, adopting the staff's Proposed Alternative Findings of Fact and Conclusions of Law. Judge Lowy appealed to the trial court, which ruled in his favor, concluding that the Executive Director had erred in rejecting the ALJ's Proposed

---

[1] Judge Lowy sought to retire under subsection (a)(1) of section 839.101, which provides that a member of the Texas Judicial Retirement System may retire if he is sixty-five years old, has at least ten years of service credited in the system, and "currently holds a judicial office." Tex. Gov't Code § 839.101(a)(1). "[R]egardless of whether the member currently holds a judicial office," he may retire if he is sixty-five and has at least twelve years of service, if he has at least twenty years of service, or if he has served at least twelve years on an appellate court and his age plus his service credits equals at least seventy. *Id.* § 839.101(a)(2)-(4).

Conclusion of Law #6 and had committed procedural errors in adopting ERS staff's Proposed Alternative Findings of Fact and Conclusions of Law. The trial court held that the "meaning of the phrase 'holds a judicial office,' in section 839.101(a)(1) of the Texas Government Code is a question of law and the ERS's interpretation of that phrase in this case is clearly wrong and does not comport with the plain language of the statute in question." ERS then filed this appeal.

**STANDARD OF REVIEW**

"The meaning of a statute is a legal question, which we review de novo to ascertain and give effect to the Legislature's intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). We "consider statutes as a whole rather than their isolated provisions" and presume that the Legislature chose the statutory language carefully, including each word for a purpose, "while purposefully omitting words not chosen." *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011).

"Where text is clear, text is determinative of [the Legislature's] intent." *Entergy Gulf States*, 282 S.W.3d at 437. In other words, "[i]f a case can be decided according to the statute itself, it must be decided according to the statute itself. This is a bedrock principle." *BankDirect Cap. Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 78 (Tex. 2017). We employ this rule "unless enforcing the plain language of the statute as written would produce absurd results." *Entergy Gulf States*, 282 S.W.3d at 437. If the language chosen by the legislature is ambiguous, we then "resort to rules of construction or extrinsic aids." *Id*. (quoting *In re Estate of Nash*, 220 S.W.3d 914, 917 (Tex. 2007)). If "there is vagueness, ambiguity, or room for policy determinations in a statute or regulation, . . . we normally defer to the agency's interpretation unless it is plainly erroneous or inconsistent with the language of the statute, regulation, or rule."

3

*TGS-NOPEC Geophysical*, 340 S.W.3d at 438. Such deference is not "conclusive or unlimited," however, and we defer only "to the extent that the agency's interpretation is reasonable, and no deference is due where an agency's interpretation fails to follow the clear, unambiguous language of its own regulations." *Id*. "If a statute uses a term with a particular meaning or assigns a particular meaning to a term, we are bound by the statutory usage," and we generally give undefined terms their ordinary meaning unless a different meaning is apparent from the term's usage in the context of the statute. *Id*. at 439.

## DISCUSSION

The statute in question is section 839.101(a), which provides:

(a) A member is eligible to retire and receive a service retirement annuity if the member:

(1) is at least 65 years old, currently holds a judicial office, and has at least 10 years of service credited in the retirement system;

(2) is at least 65 years old and has at least 12 years of service credited in the retirement system, regardless of whether the member currently holds a judicial office;

(3) has at least 20 years of service credited in the retirement system, regardless of whether the member currently holds a judicial office; or

(4) has served at least 12 years on an appellate court and the sum of the member's age and amount of service credited in the retirement system equals or exceeds the number 70, regardless of whether the member currently holds a judicial office.

Tex. Gov't Code § 839.101(a). Judge Lowy sought to retire under subsection (a)(1), asserting that in serving as a visiting judge by assignment, he "held" a judicial office, but the Executive

4

Director disagreed, concluding that Judge Lowy "did not '[hold] a judicial office' as that term is used" in section 839.101(a). On appeal, ERS asserts that visiting judges sitting by assignment are excluded from the phrase "currently holds a judicial office" under a plain reading of the language. It further argues that if the statutory language is ambiguous, we should defer to its interpretation of the phrase.

The phrase "currently holds a judicial office" is not defined in chapter 839, or, for that matter, in chapter 838,[2] and dictionary definitions of the common words "hold" and "office" are of little use.[3] However, the context for our analysis is the Texas judiciary, in which judges[4] are elected or appointed by the Governor to fill unfinished terms. *See* Tex. Const. art. V, §§ 7, 28 (district judge is elected and shall "hold his office" for a four-year term; "[a] vacancy in the office of Chief Justice, Justice, or Judge of the Supreme Court, the Court of Criminal Appeals,

---

[2] As we will discuss later, Judge Lowy supports his position by pointing to section 838.101, which provides that "[m]embership service is credited in the retirement system for each month in which a member holds a judicial office and for which the member makes the required contribution." Tex. Gov't Code § 838.101.

[3] "Hold" is defined in relevant part as "to have as a privilege or position of responsibility," *Hold*, Meriam-Webster, Merriam-Webster.com/dictionary/hold (last visited July 29, 2021); "to have the ownership or use of," "keep as one's own," or "occupy," *Hold*, Dictionary.com, www.dictionary.com/browse/hold (last visited July 29, 2021); and "[t]o conduct or preside at," to "direct the operations of," or "to be in possession and administration of," *Hold*, Black's Law Dictionary (11th ed. 2019). An "office" is "a special duty, charge, or position conferred by an exercise of governmental authority and for a public purpose," "a position of authority to exercise a public function and to receive whatever emoluments may belong to it," or "a position of responsibility or some degree of executive authority," *Office*, Merriam-Webster, www.merriam-webster.com/dictionary/office (last visited July 29, 2021); "a position of duty, trust, or authority, especially in the government, a corporation, a society, or the like," or "employment or position as an official," *Office*, Dictionary.com, www.dictionary.com/browse/office (last visited July 29, 2021); and a "position of duty, trust, or authority, esp. one conferred by a governmental authority for a public purpose," *Office*, Black's Law Dictionary (11th ed. 2019).

[4] Although many of the statutes we cite refer to both judges and justices, for simplicity's sake, we will use "judge" throughout this opinion to refer to judges and justices alike.

the Court of Appeals, or the District Courts shall be filled by the Governor until the next succeeding General Election," at which time "the voters shall fill the vacancy for the unexpired term"). Thus, a "judicial office" is the position to which a judge is elected or appointed. The question before us is what it means to "hold" such office.

Under chapter 74, subchapter C of the government code, *see generally* Tex. Gov't Code §§ 74.041-.62, former and retired judges, as well as "active" judges, may be assigned to benches across the state to address "accumulated business" as needed, *id*. §§ 74.052 ("Judges may be assigned in the manner provided by this chapter to hold court when necessary to dispose of accumulated business in the region."), .054 (judges who may be assigned include "active district, constitutional county, or statutory county court" judges, senior judges who have consented to assignment, and "former" district judges). An "[a]ctive judge" is "a person who is a *current judicial officeholder*," while a "[f]ormer judge" is "a person who has served as an active judge in a district, statutory probate, statutory county, or appellate court, but who is not a retired judge." *Id*. § 74.041(4), (5) (emphasis added). Thus, the provisions under which Judge Lowy was assigned to sit distinguish a current officeholder from a former officeholder.

A distinction between a judge who "holds office" and a former judge sitting by assignment also appears in the Texas Constitution, which imposes a mandatory retirement age, establishes a State Commission on Judicial Conduct, and provides that:

> Any Justice or Judge of the courts established by this Constitution or created by the Legislature as provided in Section 1, Article V, of this Constitution, may, subject to the other provisions hereof, be removed from office for willful or persistent violation of rules promulgated by the Supreme Court of Texas, incompetence in performing the duties of the office, willful violation of the Code of Judicial Conduct, or willful or persistent conduct that is clearly inconsistent with the proper performance of his duties or casts public discredit upon the

6

judiciary or administration of justice. *Any person holding such office* may be disciplined or censured, in lieu of removal from office, as provided by this section. *Any person holding an office specified in this subsection* may be suspended from office with or without pay by the Commission immediately on being indicted by a State or Federal grand jury for a felony offense or charged with a misdemeanor involving official misconduct. On the filing of a sworn complaint charging *a person holding such office* with willful or persistent violation of rules promulgated by the Supreme Court of Texas, incompetence in performing the duties of the office, willful violation of the Code of Judicial Conduct, or willful and persistent conduct that is clearly inconsistent with the proper performance of his duties or casts public discredit on the judiciary or on the administration of justice, the Commission, after giving the person notice and an opportunity to appear and be heard before the Commission, may recommend to the Supreme Court the suspension of such person from office. The Supreme Court, after considering the record of such appearance and the recommendation of the Commission, may suspend the person from office with or without pay, pending final disposition of the charge.

Tex. Const. art. V, § 1-a(6)(A) (emphases added). Subsection 1-a(6) goes on to provide that:

The law relating to the removal, discipline, suspension, or censure of a Justice or Judge of the courts established by this Constitution or created by the Legislature as provided in this Constitution applies to a master or magistrate appointed as provided by law to serve a trial court of this State *and to a retired or former Judge who continues as a judicial officer subject to an assignment to sit on a court of this State.* Under the law relating to the removal of an active Justice or Judge, the Commission and the review tribunal may prohibit a retired or former Judge from holding judicial office in the future or from sitting on a court of this State by assignment.

*Id*. § 1-a(6)(C) (emphasis added).

However, the fact that a retired or former judge may sit by assignment "as a judicial officer" does not require a conclusion that the judge "holds office." *See id*. Indeed, subsection (6)(C) states that a retired or former judge who continues as a judicial officer and commits misconduct may be prohibited "from holding judicial office in the future *or from sitting on a court of this State by assignment*," *id*. (emphasis added), thus explicitly distinguishing

7

someone who "holds judicial office" from someone who sits by assignment. Further, we cannot ignore the fact that subsection (6)(C) would be unnecessary if a retired or former judge sitting by assignment were already considered to be "holding the office" of the court to which he is assigned. *See id*.

Our conclusion that a former or retired judge sitting by assignment is not "holding" the judicial office to which she is assigned is borne out by a survey of other statutes related to the judiciary and judicial retirement. For instance, section 834.102(b) provides for a ten-percent annuity increase for a retired judge who, on the effective date of her retirement, "has not been out of judicial office for more than one year" *or* "has served as a visiting judge in this state" in the last year. Tex. Gov't Code § 839.102(b). The second provision—related to visiting-judge service—would be unnecessary if a visiting judge is considered to "hold judicial office." And section 839.102 bases a judge's retirement annuity on the annual salary "being paid to a judge of a court of the same classification as *the last court to which the retiring member held judicial office*," while specifying that "[t]he salary earned by a person as a visiting judge under Chapter 74 may not be used to determine the person's service retirement annuity under this section." *Id*. § 839.102 (emphasis added). Finally, section 71.013, discussing the Texas Judicial Council, states that "[t]he chief justice of the supreme court and the presiding judge of the court of criminal appeals are members of the council *as long as they hold those offices*." *Id*. § 71.013(a) (emphasis added).

Thus, the constitutional and statutory language that governs the court system as a whole and the assignment of former and retired judges in particular indicates that a former or retired judge assigned to the bench, although he is a judicial officer and may exercise the powers of the office, *id*. § 74.059, does not *hold* the judicial office to which he is temporarily assigned.

8

Judge Lowy points to section 838.101, which provides that "[m]embership service is credited in the [judicial] retirement system for each month in which a member holds a judicial office and for which the member makes the required contribution." *Id*. § 838.101. Because a former judge sitting by assignment receives service credit towards retirement for each month in which he sits by assignment, Judge Lowy argues that the judge must be "holding a judicial office" in each month for which he receives service credit. He insists that because sections 838.101 and 839.101 use substantially the same language, the phrase must mean the same thing in both statutes, meaning that we must conclude that an assigned judge "currently holds judicial office" for purposes of section 839.101.

At first blush, Judge Lowy's argument is attractive or at least indicates some ambiguity within the relevant statutes. However, when we consider the full context of the statutory assignment of judges, the apparent conflict between ERS's application of section 838.101 and section 839.101 resolves itself. A former judge sitting by assignment under chapter 74 "shall receive . . . the same amount of salary, compensation, and expenses that the regular judge is entitled to receive from the county and from the state for those services." *Id*. § 74.061(d). Because a "regular" judge (elected or appointed) is entitled to receive service credit towards retirement for each month in which she holds office, a former judge assigned to "dispose of accumulated business" in that court must receive that same kind of "compensation."[5] In other

---

[5] Assigned judges are entitled to salary *and* compensation, and a former or retired judge is entitled to "the same amount of salary, compensation, and expenses that the regular judge is entitled to receive." *See* Tex. Gov't Code § 74.061(a), (d). Thus, the "compensation" to which an assigned judge is entitled must include any additional remuneration beyond salary that would be due to the regular judge, including credit towards retirement. *See id*. § 838.101; *see also* Tex. Att'y Gen. Op. H-1021, at *1 (1977) ("'compensation' may be said to embrace such accrual of creditable service toward retirement as a 'regular judge' receives").

words, Judge Lowy and similarly situated former judges do not accrue membership service credit for each month in which they sit by assignment because they "hold" judicial office per section 838.101(a) but instead because section 74.061 requires that they receive the same compensation, including service credit, that "the regular judge is entitled to receive."

In light of the statutory framework under which former judges are appointed to sit by assignment and compensated for that work, we conclude that the plain language of "currently holds a judicial office," as used in section 839.101(a)(1), refers to an "active" judge, not to a former judge sitting by appointment. In other words, a judge who seeks to retire under subsection (a)(1) must retire directly from her elected or appointed position on the bench. Assignment under chapter 74 does not equate to "currently hold[ing] a judicial office."

Even if we determined that the statutory language is ambiguous, we would still reach the same conclusion after applying the rules of construction or extrinsic aids—particularly in light of the Texas Supreme Court's holding in *Werlein v. Calvert*, 460 S.W.2d 398 (1970) (orig. proceeding)—and after providing due deference to ERS's interpretation of section 839.101. *See TGS-NOPEC Geophysical*, 340 S.W.3d at 438. ERS states that its policy has long been guided by *Werlein* and by Attorney General Opinion H-1149, *see* Tex. Att'y Gen. Op. H-1149 (1978),[6] and we thus first consider those opinions in determining whether ERS's construction of the statute is reasonable.

In *Werlein*, the Texas Supreme Court was asked to determine whether a retired judge was eligible to sit by assignment following a 1965 legislative amendment imposing a

---

[6] Opinions by the Office of the Attorney General are persuasive but not binding. *Commissioners Ct. of Titus Cnty. v. Agan*, 940 S.W.2d 77, 82 (Tex. 1997); *In re Texas Dep't of State Health Servs.*, 278 S.W.3d 1, 4-5 (Tex. App.—Austin 2008, orig. proceeding) ("Opinions of the attorney general, while not binding on the judiciary, are persuasive and are entitled to consideration.").

mandatory retirement age. 460 S.W.2d at 398-99. Under the amendment, the Legislature was required to provide for the retirement, compensation, and reassignment to active duty of the "Justices and Judges of the Appellate Courts and [Judges of the] District and Criminal District Courts," and "[t]he office of every such Justice and Judge shall become vacant when the incumbent" turned seventy-five, except for provisions related to certain "incumbents." *Id.* at 399. The court held:

> All of the justices and judges of the various courts mentioned in the first sentence of the amendment thus have at least two things in common: (1) they serve for terms of definite duration, and (2) vacancies in their offices are to be filled by the Governor until the next general election.

> The second sentence of the amendment declares that the office 'of every such justice and judge' shall become vacant when the incumbent reaches the age of 75 years. When the language just quoted is given its natural meaning, it obviously refers to the justices and judges mentioned in the first sentence who hold office for terms of definite duration. If there were any doubt in this respect, it would be dispelled by the provision that 'the office * * * shall become vacant.' This makes it clear that the amendment is *dealing with an office that will continue to exist upon being vacated by the incumbent.* A retired judge assigned to active duty is *authorized to exercise the powers of an office* while serving on assignment. *He does not by virtue of the assignment, however, hold an office* that could possibly 'become vacant' upon termination of his powers either by death or operation of law.

*Id.* at 401 (emphases added). Thus, *Werlein* supports ERS's interpretation that a former judge sitting by assignment does not "currently hold judicial office." *See id.*

In Opinion H-1149, the Attorney General was asked several questions related to the administration of the judicial retirement system, including whether a former judge sitting by assignment could obtain a ten-percent annuity increase applicable to judges who had "been out of office" for less than one year when they retired. Tex. Att'y Gen. Op. H-1149, at *1-2. The

11

Attorney General concluded, "We do not believe, therefore, that a former district judge serving on special assignment occupies an 'office' for purposes of" obtaining the annuity increase, and, "In our opinion, the benefit is available only to judges who retire from office, not those who retire from special assignment." *Id.* at *2 (citing *Werlein*, 460 S.W.2d at 401).

Two other Attorney General opinions also support ERS's interpretation and our conclusion. In Opinion LO-93-81, ERS again asked whether a retired judge was eligible for a ten-percent annuity increase that applied if the judge had not been "out of judicial office" for more than a year when he retired. Tex. Att'y Gen. Op. LO-93-81, at *1 (1993). ERS made its inquiry after article V, section 1-a(6)(C) of the Texas Constitution was amended to refer to a former or retired judge sitting by assignment as a "judicial officer," asking whether the amendment changed the result of Opinion H-1149. *Id.* The Attorney General determined that subsection (6)(C) did not change and in fact "reinforce[d]" the earlier opinion:

> The legislature proposed adding article V, section 1-a(6)(C) to the constitution to clarify that a retired judge sitting by assignment is not exempt from discipline by the State Judicial Qualifications Commission. We do not believe that the legislature intended to make a retired judge sitting by assignment a judicial officer for purposes other than discipline. Indeed, *the fact that the legislature found it necessary to amend the constitution to clarify that a retired judge holds a judicial office for disciplinary purposes underscores the fact that such a judge does not hold judicial office for any other purpose.* Thus, a retired judge sitting by assignment is a judicial officer only for purposes of discipline; he or she is not a judicial officer in the context of section 834.102(b) of the Government Code. Accordingly, a special judicial assignment does not prolong a judge's term of office for purposes of section 834.102(b).

*Id.* at *2 (citations omitted, emphasis added). Finally, in Opinion H-1021, ERS asked whether a former judge sitting by assignment accrues additional creditable service toward retirement. Tex. Att'y Gen. Op. H-1021, at *1 (1977). The Attorney General noted that a former judge sitting by

assignment was entitled to "the same amount of compensation, salary, and expenses that the regular judge is entitled to receive" and concluded that "such 'compensation' may be said to embrace such accrual of creditable service toward retirement as a 'regular judge' receives."[7] *Id*. Thus, supreme court precedent and several Attorney General opinions support drawing a distinction between viewing a former judge sitting by assignment—a "judicial officer" who may wield the powers of the office while on assignment but who does not "hold" the office—and the elected or appointed judge, who does "currently hold" the office.[8]

Finally, we consider whether ERS's policy conflicts with another Texas Supreme Court case, *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436 (Tex. 1997) (orig. proceeding).

---

[7] Judge Lowy highlights the statement in Opinion H-1021 that the statute governing the accrual of creditable service "makes no distinction between service rendered by a regular judge and that performed by a judge" sitting by assignment, which led the Attorney General to conclude that a special judge sitting by assignment thus accrues creditable service. Tex. Att'y Gen. Op. No. H-1021, at *1 (1977). Section 838.101 likewise does not specify that it only applies to "active" or "regular" judges. However, as we have explained, a former judge sitting by assignment is entitled to service-credit accrual not pursuant to section 838.101 but by way of section 74.061—because he is entitled to the same compensation earned by a current officeholder. Judge Lowy also argues that Opinion H-1149 conflicts with Opinion H-1021, issued a year earlier, but as we read the two opinions and the relevant statutes, it is simply a matter that the Legislature provided that former and retired judges generally earn the same compensation as current office holders (under section 74.061) while taking pains to limit certain specific benefits to judges who retire directly from or shortly after leaving office (such as the annuity increase or the ability to retire with ten years of service).

[8] Judge Lowy asserts that ERS actually *departed* from a longstanding policy in favor of his interpretation of section 839.101(a)(1), pointing as evidence of that assertion to statements made to him by two ERS employees to the effect that he would be able to retire under section 839.101(a)(1). He states, "If that was the understanding of the policy held by ERS employees working with [the judicial retirement system], it is difficult to see how there could be some long standing policy to the contrary." He contends that it is unlikely that those employees "fabricate[d]" the information they provided and that it is more likely that they "were expressing the policy of ERS as it existed at the time of their representations." However, the fact that two employees may have made an error or misunderstood the law or Judge Lowy's circumstances does not establish a policy in favor of his interpretation or cast doubt on ERS's assertion that it has long interpreted the statute to the contrary, relying in part on Attorney General Opinions dating back several decades.

In that case, a party objected to Judge Catherine Gant, who was assigned to hear the underlying case after the current officeholder was recused, and the supreme court considered whether the party, who had already objected to another judge, could object to Judge Gant under section 74.053(d), which allows a party to make "unlimited objections 'to an assigned judge who was not a retired judge.'" *Id*. at 437 (quoting Tex. Gov't Code § 74.053(d)). The court described Judge Gant's judicial tenure as follows:

> Judge Gant had served as judge of the 360th Judicial District in Tarrant County from 1984 until 1988, when she was defeated for reelection. She then served as judge of the 141st Judicial District in Tarrant County from 1991 until 1994, when she again was defeated for re-election. From 1994 to 1996, she served as a visiting judge. Then in July of 1996, she qualified as a "senior judge" under Section 75.001 of the Government Code.[9]
>
> ***
>
> Judge Gant served two four-year terms as the regular judge of two different district courts, having been initially appointed to fill a vacancy during the last half year of an unexpired term, and elected and defeated twice thereafter. As a result, Judge Gant has about eight and a half years of service as a regular district judge. She served enough additional years as a visiting judge to qualify as a retiree, and took senior judge status shortly before her assignment to this case.

*Id*. at 437, 438. The court noted that "[m]ost typically, a judge must be sixty-five years of age and have at least ten years of creditable service to become a retiree." *Id*. at 438 (citing Tex. Gov't Code §§ 834.101(a), 839.101). The issue in *Mitchell Energy* was not whether Judge Gant had served enough time as a visiting judge to qualify as a retiree or exactly how much service credit she had earned through sitting by assignment. But Judge Lowy, acknowledging that the

---

**9** A "retiree . . . may elect to be a judicial officer," and a "retiree who makes an election under this section shall be designated a senior judge." Tex. Gov't Code § 75.001(a), (d).

14

discussion of Judge Gant's service time was *dicta*, characterizing it as "carefully considered *dicta*," insists that "[f]rom the chronology recited by the Court, it is apparent that [Judge Gant] retired with ten years' service—8-1/2 years as a full time judge and 1-1/2 years as a visiting judge," and that, "having left her last elected judicial office at the end of 1994 with 8-1/2 years' service, Judge Gant could not have had 12 years of creditable service at the time of her retirement in July 1996." However, in its SOAH filings, ERS produced a July 2, 1996 letter from Judge Gant to Chief Justice Phillips, asking to be classified as a senior judge and stating that she had reached the necessary age and had "fulfilled 12 years of service as a District Judge." It also produced Chief Justice Phillips's response, acknowledging that Judge Gant had advised that she had "become a retiree effective June 30, 1996," and had elected "to be a judicial officer" pursuant to section 75.001. Judge Lowy states that ERS produced only a "meager scrap from the [*Mitchell Energy*] record" that "does not overcome the Court's lengthy exposition of the facts," but as ERS notes, the *Mitchell Energy* opinion does not address whether Judge Gant served as a visiting judge between 1989 and 1991, and Judge Gant's letter indicates that she had served for twelve years when she sought senior judge status. We do not believe that *Mitchell Energy* requires us to change our reading of the language used in section 839.101(a)(1).

We sustain ERS's issue on appeal and hold that a former judge sitting by assignment does not "currently hold a judicial office." Thus, the Executive Director did not err in rejecting the ALJ's Proposed Conclusion of Law #6 and ruling that Judge Lowy was not eligible to retire under section 839.101(a)(1) on January 31, 2017. Because we hold that Judge Lowy was not eligible to retire under the plain language of the statute, we need not consider the trial court's other determinations: that the Executive Director improperly adopted ERS's staff's proposed findings of fact or conclusions of law because they did not meet the required standards

15

under the Administrative Procedures Act, relied on improper or untimely argument and evidence, or relied on grounds not included in ERS's notice of hearing or motion for summary disposition.

## CONCLUSION

Under the plain language of section 839.101, a former judge sitting by assignment does not "currently hold[] a judicial office." We therefore reverse the trial court's judgment and render judgment affirming ERS's Executive Director's order that Lowy did not hold a judicial office on January 31, 2017, and thus was not eligible to retire on that date under section 839.101(a)(1).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Baker and Smith

Reversed and Rendered

Filed:   August 19, 2021

16