# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00626-CV

## In re Texas Department of State Health Services

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## O P I N I O N

Relator Texas Department of State Health Services (the "Department") has filed a petition for writ of mandamus, seeking relief from a third-party discovery order compelling the Department to disclose information related to its investigation of an outbreak of typhoid fever in 2003. Because the information subject to the discovery order is confidential and protected from disclosure, we conditionally grant the Department's petition.

## BACKGROUND

The underlying dispute concerns Real Party in Interest Mark Elliott's claims against an Austin restaurant that arose after he contracted typhoid fever from eating contaminated oysters. During the pre-trial discovery period, Elliott filed an open records request with the Department seeking information related to the Department's investigation of a 2003 typhoid fever outbreak. The specific information Elliott sought was developed in a report written by Dr. Linda Gaul, an epidemiologist in the infectious disease control unit of the Department, who studied the cases of Elliott and others who contracted typhoid in 2003. According to Dr. Gaul, her investigation required

her to interview infected individuals, health care providers, food distributors, and commercial food establishments, all of whom were "either assured or assumed that information they provided would be treated confidentially." In addition to filing his open records request, Elliott served Dr. Gaul with a subpoena and notice to take oral deposition.

Although the Department agreed to disclose to Elliott information concerning his own case and information that had already been made public,[1] the Department asserted that the remaining information was confidential and protected from disclosure under the health and safety code. *See* Tex. Health & Safety Code Ann. § 81.046(b) (West Supp. 2008) ("[r]eports, records, and information relating to cases or suspected cases of diseases or health conditions are not public information . . . and may not be released or made public on subpoena"). Pursuant to the Texas Public Information Act, the Department sought an attorney general opinion regarding whether the remaining information was subject to disclosure. *See* Tex. Gov't Code Ann. § 552.301 (West Supp. 2008). The attorney general determined that the information at issue had indeed been made confidential under the health and safety code. Elliott did not appeal this decision. *See* *Texas Dep't of Pub. Safety v. Gilbreath*, 842 S.W.2d 408, 411 (Tex. App.—Austin 1992, no writ) (if the attorney general decides that information is not public, person seeking information may initiate judicial proceeding to determine whether information is subject to disclosure).

After the attorney general issued its letter ruling, the Department sought to quash the subpoena of Dr. Gaul and further sought a protective order to prohibit the release of all

---

[1] The Department asserts that nothing in the information already released identifies any person or entity other than Elliott, who provided written consent to the release of his own information; Elliott does not dispute this fact.

confidential and protected information obtained from its investigation. After a hearing, the district court denied the Department's motion to quash and partially denied the Department's motion for a protective order, finding that Elliott was entitled to obtain: (1) the name or identity of the oysterman's company that harvested the oysters allegedly responsible for the outbreak of typhoid fever, and (2) the names or identities of individuals and entities involved in the processing or sale of the oysters that were sold to the defendant restaurant. In explaining the basis for its ruling, the district court stated that the confidentiality provisions in the health and safety code could not be used to "shield" the identity of a potential defendant in this case because that information was not related to "the medical or the public health issues" contemplated by the statutory scheme.

In response to the district court's order, the Department filed a petition for writ of mandamus and motion for emergency stay of the trial court's order. In its petition, the Department asks this Court to vacate the discovery order directing it to release the identities of the oyster distributors who supplied oysters to the defendant restaurant in Elliott's suit. We granted the emergency relief requested, issuing a temporary stay that presently remains in effect. Thereafter, the cause was abated for a determination of whether a record of the hearing had been made. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (party seeking relief has burden of providing Court with sufficient record to establish its right to relief, including statement of facts from hearing). The reporter's record was filed in March of 2006, and the cause was reinstated.

**DISCUSSION[2]**

Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by appeal. *In re McAllen Med. Ctr., Inc.*, No. 05-0892, 2008 Tex. LEXIS 759, at \*6 (Tex. Aug. 29, 2008); *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court clearly abuses its discretion when it fails to apply the law correctly. *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 612 (Tex. 2006). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker*, 827 S.W.2d at 840. "Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.* Because the health and safety code clearly protects from disclosure the information subject to the trial court's order in this case, we hold that the order compelling the Department to release the information to Elliott was an abuse of discretion.

---

[2] As a preliminary matter, we address Elliott's claim that the Department's petition fails to comply with rule 52.3 of the rules of appellate procedure. Elliott asserts that the Department cannot seek relief from an order of the 200th district court that was signed by the respondent in this proceeding, the Honorable Margaret Cooper, because Judge Cooper is the judge elected to the 353rd district. According to rule 52.3(d)(2), the petition must include a statement of the case identifying the respondent and, "if the respondent is a judge, the name of the judge, the designation of the court in which the judge was sitting, and the county in which the court is located." The Department's petition complies with this rule, correctly identifying the name of the judge who signed the order complained of, and who was at the time of the proceedings below sitting in the 200th district court. *See* Travis County (Tex.) Dist. Ct. Loc. R. 1.1 (governing central docket system, under which all matters are assigned to judges as necessary "without considering whether any case is being assigned to the Judge of the Court in which it was filed").

Whether information is subject to the disclosure pursuant to an open records request and whether an exception to disclosure applies to the information are questions of law involving statutory construction that we review de novo. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000); *A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 674 (Tex. 1995). The Department argues that the information Elliott seeks falls squarely within section 81.046 of the health and safety code, which governs the confidentiality of information gathered under the Communicable Disease Prevention and Control Act. It states in pertinent part:

> (a) Reports, records, and information furnished to a health authority or the department that relate to cases or suspected cases of diseases or health conditions are confidential and may be used only for the purposes of this chapter.
>
> (b) Reports, records, and information relating to cases or suspected cases of diseases or health conditions are not public information under Chapter 552, Government Code, and may not be released or made public on subpoena or otherwise except as provided by Subsections (c), (d), and (f).

Tex. Health & Safety Code Ann. § 81.046(a), (b). Subsection (c) provides that "[m]edical or epidemiological information may be released with the consent of each person identified in the information." *Id.* § 81.046(c)(2).[3]

In construing this statute, we look to the plain language and the common meaning of the words used in order to give effect to the legislature's intent. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). Where the statutory text is unambiguous, we adopt a construction

---

[3] It is undisputed that the remaining exceptions, which deal with disclosure of information to medical personnel, state and federal health agencies, and law enforcement officials, *see* Tex. Health & Safety Code Ann. § 81.046(c)(1), (3)-(5), (f) (West Supp. 2008), and the release of minor children's medical information, *see id.* § 81.046(d), are inapplicable.

supported by the statute's plain language, unless that construction would lead to an absurd result. *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999). By making confidential all reports, records, and information "that relate to" cases or suspected cases of diseases, the legislature has chosen to protect a broad range of information from public disclosure. *Cf.* Tex. Gov't Code Ann. § 552.103 (West 2004) (information is excepted from disclosure if it is information "relating to" government litigation); *see also In re City of Georgetown*, 53 S.W.3d 328, 343 (Tex. 2001) (Abbott, J., dissenting) (by enacting section 552.103, legislature has allowed government to withhold "a wide range of information . . . under a standard—"related to litigation"—much broader than that actually used in litigation"); *University of Tex. Law Sch. v. Texas Legal Found.*, 958 S.W.2d 479, 482-83 (Tex. App.—Austin 1997, no pet.) (holding that term "related to" in section 552.103 is intended to be broad).

While the courts have not yet had occasion to interpret the confidentiality provision contained in section 81.046 of the health and safety code, the issue of its scope has been dealt with extensively in the open records decisions of the attorney general. Opinions of the attorney general, while not binding on the judiciary, are persuasive and are entitled to consideration. *Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 82 (Tex. 1997); *Jessen Assoc., Inc. v. Bullock*, 531 S.W.2d 593, 598 (Tex. 1975). As noted in Open Record Decision No. 577, the previous version of the health and safety code's confidentiality provision applied only to "reports of diseases furnished to the health authority or the department." *See* Act of May 27, 1983, 68th Leg., R.S., ch. 255, 1983 Tex. Gen. Laws 1116, 1122 (amended 1987) (current version at Tex. Health & Safety Code Ann. § 81.046(a), (b) (West Supp. 2008)). Under this earlier version of the statute, the attorney

6

general determined that confidentiality could not be afforded to the "records of an investigation" of an outbreak of disease. Following the 1987 amendment, which "gave the confidentiality provision its present breadth," *see* Tex. Att'y Gen. ORD-577 (Dec. 10, 1990), the legislature extended the protection from public disclosure to all records and information relating to cases or suspected cases of diseases or health conditions. Since the statute was amended, the attorney general has consistently found that the Department "may not provide the requestor with *any* information acquired in its investigation" of diseases and health conditions unless an exception applies to the particular documents. *See id.* (emphasis added); *see also* Tex. Att'y Gen. ORL2008-05049 (Apr. 16, 2008); Tex. Att'y Gen. ORL2007-00413 (Jan. 10, 2007); Tex. Att'y Gen. ORL2004-7788 (Sept. 13, 2004); Tex. Att'y Gen. ORL91-112 (Feb. 26, 1991).

We conclude that the attorney general's interpretation of the confidentiality provision as amended is consistent with the plain meaning of the statute and the range that is implicated by the phrase "information relating to cases" of disease. The information Elliott seeks concerns the source of the oysters that contributed to the outbreak of typhoid fever; thus, it is "information relating to cases" of typhoid that may not be released or made public. *See* Tex. Health & Safety Code Ann. § 81.046(b).

Because the information Elliott seeks clearly falls within the ambit of the confidentiality provisions of section 81.046, it cannot be disclosed in a request for public information, by subpoena, or otherwise unless the exception to disclosure in subsection (c) applies. *See id.* § 81.046(c)(2) (medical and epidemiological information may be released if each person identified in information consents to its release). Elliott asserts that, having given his own

7

consent for the release of the information, the Department need not obtain the consent of any other parties, including the "businesses that may be responsible, and should be held accountable, for the outbreak" of typhoid fever. We disagree. The parties do not dispute that the information at issue identifies persons other than Elliott. Elliott's consent is only effective concerning the release of his own information, which the Department has already provided to him. Elliott cannot consent to the disclosure of any information pertaining to persons other than himself. To interpret the statute otherwise would undermine the legislature's clear intent to promote the reporting of diseases—an intent evidenced by the imposition of criminal sanctions for failing to report a disease or health condition, *see id.* § 81.049—by providing a disincentive to cooperate with the investigating authorities to those parties who might oppose the public release of the information they provide. The provision requiring "the consent of *each person identified* in the information," *id.* § 81.046(c)(2) (emphasis added), is unambiguous and we must give effect to its plain meaning.[4]

We therefore hold that, in light of the health and safety code's clear prohibition concerning the release of information relating to cases of reportable disease, the trial court abused its discretion in issuing the discovery order in this case. While this order presents an issue of first impression, the trial court 's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion. *Huie v. DeShazo*, 922 S.W.2d 920, 928 (Tex. 1996); *Lunsford v. Morris*, 746 S.W.2d 471, 473 (Tex. 1988). Where the trial court's order compels the disclosure of privileged or

---

[4] Furthermore, although the issue is not addressed by the parties, it is not clear that the identity of the oyster distributors falls within the category of "medical or epidemiological information" that the Department has the discretion to publicly disclose under the consent exception in section 81.046(c)(2).

8

confidential information, the relator lacks an adequate remedy by appeal and mandamus relief is appropriate. *See Huie*, 922 S.W.2d at 928; *Walker*, 827 S.W.2d at 843; *see also Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 645 (Tex. 1995).

## CONCLUSION

Because the district court abused its discretion in ordering the disclosure of information that is confidential and protected from disclosure under the health and safety code, we conditionally grant the Department's petition for writ of mandamus directing the district court to vacate the mandatory disclosure provisions of the order. The writ will issue only if the district court fails to comply with this opinion.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Filed:   September 18, 2008

9