

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00186-CR

———————————————

SARAH DIANE IVES, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13980

_____

Before Gabriel, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Gabriel

**MEMORANDUM OPINION**

Appellant Sarah Diane Ives appeals from the trial court's revocation of her community supervision, adjudication of her guilt for possession of a controlled substance of less than one gram, methamphetamine, and imposition of a twenty-four-month sentence. We modify the trial court's judgment adjudicating guilt to delete three charged costs and affirm it as modified. *See* Tex. R. App. P. 43.2(b).

Ives was indicted with the intentional or knowing possession of a controlled substance of less than one gram, methamphetamine—a state-jail felony. *See* Tex. Health & Safety Code Ann. § 481.115(b); *see also id.* § 481.102(6). Ives and the State entered into a plea-bargain agreement under which she agreed to plead guilty in exchange for the State's recommendation that an adjudication of her guilt be deferred and that she be placed on community supervision for a period of five years. The trial court followed the State's recommendation and placed Ives on community supervision for five years without adjudicating her guilt. The trial court then certified that Ives had no right to appeal the deferred-adjudication order. *See* Tex. R. App. P. 25.2(a)(2).

During the period of community supervision, the State moved to proceed to an adjudication of Ives's guilt based on her violations of the imposed terms and conditions of community supervision. At the hearing on the State's motion, Ives pleaded true to six of the State's violation allegations, and she pleaded not true to one of the State's violation allegations. Ives's community-supervision officer testified

2

regarding Ives's failure to comply with the terms and conditions of her community supervision and recommended that Ives go to a Substance Abuse Felony Punishment Facility (SAFPF), or if Ives was unwilling to go to a SAFPF, that the court revoke Ives's community supervision. Ives testified that she did not want to go to a SAFPF. Ives stated that she would rather "take [her] state jail time and be done with probation and done with Hood County." At the conclusion of the hearing, the trial court found that Ives had violated the terms and conditions of her community supervision, adjudicated her guilty of the indicted offense, and sentenced her to twenty-four months' confinement. The trial court did not orally pronounce or order restitution. The trial court included in its judgment adjudicating guilt $1,176 in court costs; this amount is supported by the district clerk's subsequent itemized bill of cost. *See* Tex. Code Crim. Proc. Ann. art. 103.001(b). The trial court certified that Ives had the right to appeal from the adjudication and found that she was entitled to court-appointed counsel on appeal. *See* Tex. R. App. P. 25.2(a)(2).

Ives's court-appointed appellate counsel has filed a motion to withdraw, accompanied by a brief in support of that motion. In his brief, counsel states that in his professional opinion, this appeal is frivolous and without merit. The brief and motion present a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Neither Ives nor the State has responded to the *Anders* brief or motion to withdraw.

3

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders* and *Kelly*, we have a supervisory obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record, the arguments raised in the *Anders* brief, and any response filed by the pro se appellant. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (orig. proceeding).

After reviewing the itemized bill of cost, we conclude that three amounts must be deleted from the total amount charged as court costs in the judgment. First, we find no statutory authority authorizing the $15 assessed for "Motion to Proceed/Revoke" in the itemized bill of cost. *See Eubank v. State*, No. 02-18-00351-CR, 2019 WL 2635564, at *2 (Tex. App.—Fort Worth June 27, 2019, no pet.) (mem. op., not designated for publication); *Thomas v. State*, No. 02-18-00337-CR, 2019 WL 166001, at *2 (Tex. App.—Fort Worth January 10, 2019, no pet.) (per curiam) (mem. op., not designated for publication). Because "[o]nly statutorily authorized costs may be assessed against a criminal defendant," we must delete that amount from the costs charged in the judgment. *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) (citing Tex. Code Crim. Proc. Ann. art. 103.002); *see Thomas*, 2019 WL 166001, at *2.

Second, the $12 charged as a "Restitution Fee" is punitive in nature and must be orally pronounced upon revocation and adjudication. *See Weir v. State*, 278 S.W.3d

4

364, 365–66 (Tex. Crim. App. 2009); *Byrne v. State*, No. 02-19-00147-CR, 2019 WL 6334688, at *2 (Tex. App.—Fort Worth Nov. 27, 2019, no pet.) (mem. op., not designated for publication); *Eubank*, 2019 WL 2635564, at *2; *Gonzalez v. State*, No. 02-17-00373-CR, 2019 WL 983699, at *2 (Tex. App.—Fort Worth Feb. 28, 2019, no pet.) (per curiam) (mem. op., not designated for publication); *Milligan v. State*, No. 02-16-00035-CR, 2016 WL 6123643, at *2 (Tex. App.—Fort Worth Oct. 20, 2016, no pet.) (mem. op., not designated for publication); *see also* Tex. Code Crim. Proc. Ann. art. 42.037(g). It was not; thus, this amount must be deleted as well.

Third, the district clerk charged $150 as a "Capias Warrant Fee." A $50 fee is statutorily authorized for "executing or processing an issued . . . capias." Tex. Code Crim. Proc. Ann. art. 102.011(a)(2). The record reflects that one arrest capias was ordered regarding the State's motion to proceed with an adjudication of guilt and that one other capias fee was charged when the trial court placed Ives on community supervision. Thus, one charged capias fee of $50 is not supported by the record. *See Byrne*, 2019 WL 6334688, at *2; *Reed v. State*, No. 02-17-00199-CR, 2018 WL 6844132, at *1 (Tex. App.—Fort Worth Dec. 31, 2018, no pet.) (per curiam) (mem. op., not designated for publication). Accordingly, we modify the trial court's judgment and

incorporated order to withdraw funds to deduct $77 from the ordered cost amount for a total of $1,099.[1]

Other than these minor adjustments to the charged costs, there is nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Thus, we grant counsel's motion to withdraw, modify the judgment and the incorporated order to withdraw funds to reflect $1,099 in court costs, and affirm the trial court's judgment as modified. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988); *Kelly*, 436 S.W.3d at 318–19; *Boone v. State*, No. 02-15-00417-CR, 2016 WL 4040563, at *2–3 (Tex. App.—Fort Worth July 28, 2016, no pet.) (mem. op., not designated for publication).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 27, 2020

---

[1]$1,176 (court costs awarded in the judgment) – $15 ("Motion to Proceed/Revoke Fee") – $12 ("Restitution Fee") – $50 (one charged capias fee) = $1,099.