RENDERED:  SEPTEMBER 11, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001256-ME

DAVID WAYNE FERGUSON                                        APPELLANT

v.
APPEAL FROM MEADE CIRCUIT COURT
HONORABLE KENNETH H. GOFF, II, JUDGE
ACTION NO. 17-CI-00329

TERESA LEAH FERGUSON                                        APPELLEE

OPINION
AFFIRMING

\*\* \*\* \*\* \*\* \*\*

BEFORE:  CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

DIXON, JUDGE:  David Wayne Ferguson, *pro se*, appeals an order to sell

personal property and real estate entered on August 13, 2019, by the Meade Circuit

Court.  After careful review of the record, briefs, and applicable law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

David and Teresa Leah Ferguson were married on October 27, 1979.

On November 14, 2017, Teresa petitioned the court for dissolution of their

marriage.  She filed a verified financial disclosure statement and answered

discovery, providing detailed listings of marital and nonmarital property. David filed a verified financial disclosure statement listing only five items of property, and refused to answer written discovery until compelled by the court. Thereafter, in his answers to interrogatories, David claimed all property remaining at the residence as his nonmarital property, stating that Teresa said she did not want anything when she left.

The parties were unable to come to an agreement concerning division of their marital property; therefore, Teresa moved the domestic relations commissioner (DRC) to sell the property so that the proceeds could be divided between the parties. A hearing was held, and the DRC recommended the personal property and real estate be sold. David filed an objection. After another hearing, the court ordered the sale of all property by an auctioneer to be agreed upon by the parties. David refused to participate in a joint inventory of the parties' personal property as ordered by the court, resulting in a motion for contempt. On August 28, 2018, the court again ordered the sale of the parties' marital property. Following this order, David filed a detailed inventory of nonmarital items, as well as two smaller lists of marital property and after-acquired property. David's rationale for deeming four pages of items as his own nonmarital property is that he bought the items with his credit cards.

David later requested mediation.  Over Teresa's objection, the court ordered mediation, which proved to be unsuccessful.  Thereafter, Teresa moved the court to expedite the sale.

Months later, on July 31, 2019, David moved the court to vacate its August 28, 2018, order of sale.  On August 13, 2019, the court ordered the sheriff to inventory the personal property and, once again, ordered the sale of the personal and real property by the master commissioner.  This appeal followed.

## NONCOMPLIANCE WITH RULES OF APPELLATE PROCEDURE

We begin by noting David's *pro se* brief does not comply with CR[1] 76.12(4)(c)(v), requiring "at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner[.]"  David provided no statement of preservation for any of his arguments.  The same rule also requires that each argument contain "ample supportive references to the record and citations of authority pertinent to each issue of law[.]"  *Id.*  David's briefs contain no citations to the record.

"While *pro se* litigants are sometimes held to less stringent standards than lawyers in drafting formal pleadings, *see Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), Kentucky courts still require *pro se* litigants to follow the Kentucky Rules of Civil Procedure." *Watkins v. Fannin*, 278 S.W.3d

---

[1] Kentucky Rules of Civil Procedure.

637, 643 (Ky. App. 2009). Due to our resolution of this action, we have chosen not to penalize the appellant.

## ANALYSIS

KRS[2] 403.190(1) provides that "[i]n a proceeding for dissolution of the marriage . . . the court shall assign each spouse's property to him" and "[i]t also shall divide the marital property[.]" "All property acquired by either spouse after the marriage and before a decree of legal separation is presumed to be marital property[.]" KRS 403.190(3). Here, it appears that division of marital property is exactly what the court was attempting to accomplish through its orders of sale.

The marital residence was purchased by the parties after their marriage and is clearly marital property. Therefore, the court acted within its authority in ordering the marital residence sold. *Shelby v. Shelby*, 192 Ky. 304, 233 S.W. 726, 731 (1921). We also note that David has not provided a meaningful challenge to the court's characterization of any personal property as marital.

While David appeals from the August 13, 2019, order to sell personal and real property, he has failed to provide any legal basis or authority to reverse that decision. It is undisputed that David failed to appeal the August 28, 2018, order of sale. It is also undisputed that he failed to file a motion to alter, amend, or vacate that judgment and to enter a new one within ten days of its entry, as

---

[2] Kentucky Revised Statutes.

-4-

required by CR 59.05. He neither adequately explains nor supports his assertions concerning why the trial court erred in entering its order of sale. We will not search the record to construct David's argument for him, nor will we go on a fishing expedition to find support for his underdeveloped arguments. "Even when briefs have been filed, a reviewing court will generally confine itself to errors pointed out in the briefs and will not search the record for errors." *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979).

## CONCLUSION

For the foregoing reasons, the order of the Meade Circuit Court is AFFIRMED.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| David W. Ferguson, *pro se* Brandenburg, Kentucky | Robert L. Schaefer Leitchfield, Kentucky |